258 So.2d 72

STATE of Louisiana

v.

Russell BIENVENU.

No. 51608.

Feb. 3, 1972.

Rehearing Denied March 8, 1972.

Bernard S. Dolbear, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Bertrand DeBlanc, Dist. Atty., J. Nathan Stansbury, Asst. Dist. Atty., for plaintiff-appellee.

TATE, Justice.

The defendant Bienvenu appeals from a conviction of possession of marijuana, La. R.S. 40:962, for which he was sentenced to one year in the Lafayette parish prison. The defendant relies on his three perfected bills of exceptions.

### Bill of Exceptions No. 1

The first and most serious bill of exceptions was taken to the trial court's overruling a motion to suppress the drugs seized at the defendant's premises. The evidence is alleged to be inadmissible because seized under an illegally issued search warrant.

The two principal grounds urged as the alleged illegality of the search are: (a) that the application for the search warrant was executed by only one affiant, whereas La.R.S. 40:972 (1950; since repealed), in effect at the time of the search, required *two* affiants in an application for a search warrant to search any dwelling for narcotics; (b) that such search was illegally conducted in the nighttime, since the application for the warrant did not lay a sufficient predicate to establish the necessity for a nighttime search.

(a) *Two affiants required for search warrant?*

█ The present search warrant was issued upon the affidavit of a police officer showing an adequate factual basis for probable cause. It complies with the requirements of Article 162 of the Louisiana Code of Criminal Procedure (1966), providing for the issuance of a search warrant "upon probable cause established to the satisfaction of the judge, by the affidavit of *a* credible person, reciting facts establishing the cause * * *." (Italics ours.)

The defendant contends, however, that a special requirement of *two* affiants for the issuance of search warrants for illegal drugs is set forth by the enactment in force at the time of the present offense, namely, the "Uniform Narcotic Drug Law", La.R.S. 40:961 et seq. (repealed by Act 457 of 1970).

█ We hold, essentially, that the authority under Article 162 to secure search warrants for narcotics is additional to any authority provided by La.R.S. 40:972.

According to the official enactment, Article 162 of the 1966 code had as its source former La.R.S. 15:42–44 (1950). These former statutes expressly provided that the authority to search for illegal narcotics was additional to that provided by La.R.S. 40:972. See La.R.S. 15:43(5) (1950).

These 1950 statutes replaced by Article 162 (1966) authorized search warrants only in specific instances, e. g., for: personal property which was the subject of a theft, 15:42; obscene publications, 15:43(1); lottery tickets or materials, 15:43(2); gambling apparatus, 15:43(3); in all cases where expressly authorized by other law of the state, 15:53(4); illegal narcotics, 15:43(5); etc. The 1966 code statutory scheme instead provides general statutory authority to secure search warrants for any thing used or to be used to commit a crime or which may constitute evidence tending to prove a crime. Article 161. It was unnecessary therefore to spell out the authority to seize narcotics specifically.

However, neither the new code articles themselves nor the official revision comments have the slightest indication that such broader search authority conferred by the 1966 articles was not intended to be *additional* to the search authority of 40:962, just as under the former law.

The defendant relies upon the provision of La.R.S. 40:972 (1950) which pertinently states that "no . . . residence, shall be subject to invasion and search, except [through] . . . a search warrant issued . . . upon . . . an affidavit by *two* reliable persons * * *."

The provision relied upon is, in our view, taken out of context. The full text of La.R.S. 40:972 is set forth in the Ap-

pendix to this opinion. This is its text in its redaction in the Revised Statutes of 1950, unchanged until its repeal in 1970 (after the present offense).

Before analyzing Section 972 in detail, we should note its statutory setting. It is contained in the Uniform Narcotic Drug Law, La.R.S. 40:971 et seq. (1950), enacted by Act 14 of 2d Extra.Session of 1934, and, relevantly to the present issue, virtually unchanged since then. While possession for consumption was penalized, La.R.S. 40:962, 981, the main body of the statute concerns detailed regulation (under supervision of the state board of health) of the manufacture, sale, distribution, and prescription of regulated drugs by manufacturers, wholesalers, apothecaries, physicians, dentists, and veterinarians. These include detailed provisions for licensing, keeping records, and labelling.

It is in this general context that Section 972 ("Searches and seizures; forfeiture of illegally possessed narcotics") is found. The chief thrust of the act as a whole is administrative regulation. The provision of criminal penalties is only an incidental feature of the enactment.

With regard to Section 972 itself, we find that the search warrant provisions relate to those obtained by the president of the state board of health (or his agent), the official primarily responsible for drug regulation and licensing under the uniform law. Analyzing Section 972's provisions,

set forth in full in the Appendix to this opinion, we find:

(1) The first paragraph authorizes the president of the state board of health or his agent to "seize" narcotic drugs;

(2) The second paragraph, first sentence, grants the president of the board of health broad authority to "search and examine" warehouses and places of storage and a wide variety of means of transportation. Excepted from his authority to search places of storage are "private residences, which may be searched only in the manner provided by law."

(3) Then, second sentence (first clause), second paragraph, occurs the first limitation upon this broad searching authority: "Provided, that no place, other than such as is open to the public, shall be invaded and searched except by an officer named in a search warrant issued by a competent court" upon an affidavit of probable cause by an affiant. Despite the broad and apparently warrantless search authority given to the state board president by the prior sentence of this second paragraph, the second sentence (this proviso) limits it to places "open to the public", and it further requires the president to secure a search warrant directed to a specific officer before he may invade storage places, etc., not open to the public.

(4) Now follows, second sentence (second clause), the second limitation upon the

president's broad authority: "Provided . . . no house, room or apartment used as . . . a bona fide residence, shall be subject to invasion and search, except by an officer designated in a search warrant issued by a competent court . . . upon the filing in said court of an affidavit by two reliable persons . . . that said place of residence is being used as a cloak or cover for a violation" of the Uniform Drug Law. *This* is the provision relied upon by the defendant. Nevertheless, in the context of the enactment as a whole, the limitation of requiring two affidavits for search of residences is placed only upon such warrants secured for searches and seizures for the president of the state board of health.

We know of no provision authorizing a private person to secure a search warrant. Without such authority as is here granted, the president of the state board of health and other administrative officials might not possess authority to secure search warrants (to be executed by law enforcement officers, it is true)—their power and authority might be limited to reporting law violations to law enforcement authorities

and to relying upon them to secure search warrants (if the latter felt so inclined).

█ In summary, reading the statutory section as a whole, we find that La.R.S. 40:972 regulates only the issuance of warrants for searches and seizures to be made through a peace officer by the president of the state board of health. [1]

(b) *Nighttime search.*

█ La.C.Cr.P. Art. 163 states: "\* \* \* A search or sizure shall not be made during the nighttime or on Sunday, unless the warrant expressly so directs. \* \* \*"

The defendant complains that the search of his premises at 8:30 P.M. pursuant to the warrant was illegal. He primarily complains that the application for the warrant did not lay a sufficient predicate for a nighttime search.

As raised, this contention possesses little merit. The affidavit of the police officer shows probable cause to search based upon a reliable informant's purchase of illegal drugs from the defendant's premises at 4:30 P.M. In the search warrant, the mover requests a search warrant to search

---

1. Since we find the present warrant was not subject to the technical requirement of an affidavit by *two* reliable affiants, we do not reach the interesting question which would be presented if we had instead held two affiants to be a technical requirement for affidavits for narcotic searches. La.C.Cr.P. Art. 703 permits suppression only of evidence obtained "by an *unconstitutional* search or seizure". It was not intended to permit suppression of evidence seized by a warrant "illegal" merely because technically contrary to law, unless the seizure is violative of fundamental due process concepts. See Official Revision Comment (b).

the defendant's premises "during the Day-time, Night-Time, or Sundays". The return on the warrant shows that the search was executed at 8:30 P.M. that evening, within a few hours of the purchase of the drugs at the premises searched and as reasonably contemplated by the predicate laid for the search.

We therefore affirm the trial court's action in denying the defendant's motion to suppress the narcotics seized as a result of the search authorized by this warrant.

*Other Bills of Exceptions.*

■ The second and third bills of exceptions allege error was committed, over objection by the defense, (1) with regard to remarks by the prosecution in its opening statement and (2) with regard to the admission of certain evidence obtained where the defendant had given information to the police before he was advised of his right to remain silent.

However, neither bill of exceptions incorporated the opening statement or the testimony objected to. (In fact, these are not contained anywhere in the record and transcript filed in this court.) The objected to statement and evidence are therefore not part of the formal bills of exceptions, so this appellate court may not consider them. La.C.Cr.P. Arts. 844, 920; State v. Barnes, 257 La. 1017, 245 So.2d 159 (1971), and decisions therein cited.

*Decree*

For the reasons assigned, we affirm the conviction and sentence.

Affirmed.

BARHAM, J., dissents. Bill of Exceptions No. 1 has merit on the ground of failure to have proper affidavit. Also the search warrant was executed at night without court order directing same. The motion to suppress was good.

### APPENDIX

La.R.S. 40:972 (1950) in full provides:

*§ 972. Searches and seizures; forfeiture of illegally possessed narcotics*

All narcotic drugs which shall be found in the possession or custody or within the control of any person for the purpose of being sold, handled, stored, used, distributed or consumed in violation of the provisions of this Sub-part may be seized by the president of the state board of health, or his agent, in order to secure the same for trial, and the same shall be forfeited in the manner provided in R.S. 40:975.

The president of the state board of health is hereby given the power and authority to search and examine any warehouse, boat, store, storeroom, automobile, truck conveyance, vehicle or any other and all places of storage (except private residences, which may be searched only

in the manner provided by law), and any and all means of transportation, whenever there is probable cause to believe that the terms of this Sub-part have been, or are being, therein violated; and any automobile, truck, boat, conveyance, vehicle or other means of transportation, other than a common carrier, caught or detected transporting any narcotic drugs in violation of this Sub-part may be seized by the president of the state board of health in order to secure the same as evidence in a trial brought under this and other Sections of this Sub-part. Provided, that no place, other than such as is open to the public, shall be invaded and searched except by an officer named in a search warrant issued by a competent court having the power of a committing magistrate, upon the filing with said court of an affidavit reciting that affiant has reasons to believe and believes that the named place is being utilized as a site for the violation of the provisions of this Sub-part, together with such additional evidence as the court may require to make out a prima facie case; and no house, room or apartment used as, or which apparently is, a bona fide residence, shall be subject to invasion and search, except by an officer designated in a search warrant issued by a competent court having the powers of a committing magistrate, upon the filing in said court of an affidavit by two responsible persons reciting that they have reasons to believe and do believe that said place of residence is being used as a cloak or cover for a violation of the provisions of this Sub-part, and setting forth the specific violation being committed therein, together with such additional corroborating evidence as the court may, in its discretion, require to establish the probable existence of the alleged violation of this Sub-part. Such warrant shall be directed to a duly authorized peace officer and the premises described in the warrant shall be searched and all narcotic drugs, containers, bottles, etc., or any property used or designed or intended to be used in the keeping for sale, or sale, of narcotic drugs on said premises, shall be seized by such officer and the keeper of such place, or the person to whom such narcotic drug or property belongs, shall be apprehended and brought before the court issuing the warrant, to abide the further orders of the court. The officer to whom the search warrant is directed shall make proper return thereon of the action taken thereunder, describing the narcotic drugs or property seized, if any; and any narcotic drugs or property so seized shall be held by such officer, without right of having the same released upon writ or claim.

The court shall preserve in its records, subject to inspection at any time by the

public, the affidavits hereinabove referred to. If it should appear that the person or persons making said affidavit did so maliciously or without probable cause, and any house, room or apartment used as bona fide residence is searched by reason of the issuance of a search warrant based upon said affidavit, affiant or affiants making said affidavit shall be fined not more than five hundred dollars or imprisoned for not less than ten days nor more than sixty days, or both.