304 So.2d 343 (1974)
STATE of Louisiana, Appellee,
v.
Barry Paul BOUDREAUX, Appellant.
No. 54751.
Supreme Court of Louisiana.
December 2, 1974.
*344 Russell T. Tritico, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Fred A. Book, Jr., Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of possession of marijuana, La.R.S. 40:966 subd. D., and sentenced to six months in the parish jail, 91 days of which were suspended. At the time of sentencing, the defendant was also placed on supervised probation for a period of one year.
From this conviction, he seeks this court's review[1] and presents four perfected bills of exceptions for our consideration.[2] The bills all relate to a motion to suppress certain evidence as unconstitutionally seized and to its denial.
The marijuana was seized pursuant to a search of Room 113 of Sallier Dormitory, as authorized by search warrant. The thrust of the attack upon the search as illegal concerns the alleged insufficiency of the affidavit upon which the warrant is based. (Bill Nos. 3 and 5.) Also, some rulings made during a motion to suppress are questioned (Bill Nos. 1 and 2) as allegedly curtailing the defendant's right to test the truthfulness of the allegations therein contained.
Motion to Suppress
The affidavit is set forth as Appendix "A" to this opinion.
The affidavit is by two sheriff's deputies. They state that, based upon information they had received from two informants, they had reasonable cause to believe that marijuana can be found in Room 113 of Sallier Dormitory. According to the affiants, both informants had seen the defendant use marijuana in Room 113. On *345 several different occasions, one informant had seen him rolling and smoking the drug in this room of Sallier Dormitory.
One source was identified as a responsible citizen of utmost character and integrity, with a great interest in the youth of the community. The other source was simply identified as one with personal observation of the possession and use of the drug by the defendant at the room (see Footnote 4), which this informant identified as the defendant's temporary location due to airconditioning failure of his usual room in another dormitory.
The chief attacks upon the sufficiency of the affidavit relate to (a) the alleged insufficiency of the information relating to the reliability of the informants and (b) the alleged failure of the affidavit to disclose the recency of the information, so as to justify present probable cause to search the room.

(a)
Under applicable jurisprudence, the affidavit "must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an unidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the credibility of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectly-obtained information." State v. Paciera, 290 So.2d 681, 685-686 (La.1974).
The present affidavit sufficiently indicates the reliability of information, insofar as being based upon recent[3] personal observation of the informants. The reliability of at least the first informant is shown by his general background and reputation (which, by itself, would not be sufficient, see Spinelli v. United States, 383 U. S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)), together with the independent corroboration of his information by the personal observation of a person additional to the affiant's own personal observation. The information supplied by the two informants was reasonably detailed, recounting personal observation of the defendant's possession and use of marijuana on frequent occasions in various places, including his room (No. 113) in Sallier Dormitory. The corroboration and the supporting details are sufficient bases for finding the informants reliable and credible. See United States v. Harris, 403 U.S. 573, 582-583, 91 S.Ct. 2075, 2081, 29 L.Ed.2d 723 (1971).

(b)
A more serious issue is presented as to whether the affidavit refers to information sufficiently recent so as to justify a finding of the evidence of probable cause at the time of the issuance of the search warrant. As stated in Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932): "* * * it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. * * *"
The absence of a date for each episode described in the affidavit is not fatal, however. The language of the affidavit, including the use of the present tense, indicates that the affiants are describing a course of conduct continuing to the date of the warrant. The reference to the temporary move to Sallier Dormitory, because of a breakdown in the air-conditioning in his usual room in Ziegler Dormitory, re-enforces *346 the immediacy of the information conveyed.[4]
Such an affidavit has been held to be adequate if, in a commonsense construction, it can be said from the face of the affidavit that the information received by the affiant was current and not stale. See: Borras v. State, 229 So.2d 244 (Fla., 1969); State v. Clay, 7 Wash.App. 631, 501 P.2d 603 (1973), Sutton v. State, 419 S.W.2d 857 (Tex.Cr.App., 1967); Lewis v. State, 126 Ga.App. 123, 190 S.E.2d 123 (1972). See also Annotation, Search Warrant: Sufficiency of showing as to time of occurrence of facts relied upon, 100 ALR 2d 525 (1965).
As the United States Supreme Court stated in United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965):
"[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting."
Thus, we find to be without merit Bill No. 3, taken to the denial of the motion to suppress, and Bill No. 5, taken to the denial of a motion for a new trial based on this error.[5]
The Other Bills
Bill Nos. 1 and 2 were taken to rulings during the hearing on the motion to suppress. The trial court sustained objections to questioning of the police officers. The purpose of the questioning, according to the defendant's brief, is to test the truth-fulness of the affiants who executed the affidavit. State v. Melson, 284 So.2d 873 (La.1973).
However, the motions to suppress do not attack the credibility of the affiant police officers who executed the affidavit. In fact, no serious issue as to their personal credibility is raised. The trial court therefore properly sustained objection to the questions. The credibility of the affiants was not at issue, and questions asked to test same were not therefore within the functional scope of the motion to suppress. State v. Giordano, 284 So.2d 880 (La. 1973).

*347 Decree

For the foregoing reasons, we affirm the conviction and sentence.
Affirmed.
BARHAM, J., dissents with reasons.
APPENDIX A
The affidavit recites:
"BEFORE ME HONORABLE CECIL C. CUTRER, Judge comes Deputies Theos Duhon and Gary Morford, who deposes and says:
That he has reasonable cause to suspect and does suspect and verily believe that certain Marijuana can be found in Room 113 of Sallier Dormitory, McNeese State University, Lake Charles, Louisiana, which is occupied by Barry Boudreaux. This Affidavit is based on the following facts: This Department has received information from two (2) sources, both who state that Boudreaux is a frequent user of Marijuana. This first source is a responsible citizen of the utmost character and integrity, and has a great interest in the youth of Lake Charles, Louisiana. This informant reported to this Department in the interest of keeping the youth of Lake Charles from abusing drugs, that Boudreaux frequently uses Marijuana in Sallier Dorm, usually on the second floor of the dormitory, which is unoccupied and also in his room. On several different occasions, this source has seen Barry Boudreaux rolling and smoking Marijuana in his room at McNeese, room 113 of Sallier Dormitory. This same person stated that Boudreaux frequently goes to the room of Jack Blacketter, room 124, and they have Marijuana in the rooms, and often hold parties. The second source advised this Department that Boudreaux is temporarily staying in room 113 of Ziegler, as the air conditioning of his usual room in Ziegler Dormitory is not functioning. This source states that Boudreaux frequently uses the second floor of the dormitory, as the second floor is not occupied, to smoke Marijuana. This second source further stated that on several different occasions he has observed Boudreaux keep Marijuana in his room and has seen him hold Marijuana parties on the second floor of the dormitory and also in his room, Room 113. This second source also reported that Blacketter rolls Marijuana in Jack Blacketter's room, due to his rolling expertise. He further stated that Blacketter keeps the Marijuana hidden in the closet of his room."
BARHAM, Justice (dissenting).
In my opinion Bill of Exceptions No. 3, reserved to the trial court's denial of defendant's motion to suppress, warrants a reversal of the conviction and sentence we review.
The main thrust of defendant's motion to suppress the evidence was an allegation of the affidavit's failure to provide probable cause for the issuance of a valid search warrant. The attack on the sufficiency of the affidavit is broad, encompassing numerous allegations of deficiencies. The most substantial allegation attacking the affidavit's sufficiency is that the necessity of probable cause requires that the facts upon which the determination is to be made not be so remote in time as to preclude a finding of the existence of probable cause at the time of the issuance of the search warrant. I do not believe that this requirement has been met in the affidavit we consider here.
In Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932), the United States Supreme Court stated: "* * * it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. * * *" There appears in the affidavit absolutely no indication as to what time the informants tendered the information regarding defendant's use and possession of marijuana nor any indication of the dates on which the informants observed defendant's use or possession of the substance in his room. Under these circumstances, it would have been impossible for the issuing judge to determine, from the information contained within the four corners of the affidavit, that there existed probable cause to authorize a search of defendant's room at the time of the issuance of the warrant.
In United States v. Guinn, 454 F.2d 29 (5th Cir. 1972) the court quoted with approval language from Sgro, supra, that requires *348 the application to "* * * speak as of the time of the issue of that warrant." Under these circumstances, and mindful of the requirement that the question of "* * * whether the proof meets this test must be determined by the circumstances of each case. * * *", I believe that the failure to include in the affidavit we review information upon which the issuing judge could properly determine probable cause at the time of issuance constitutes reversible error.
I respectfully dissent.
NOTES
[1] In the present case, a motion for appeal was improvidently granted since, under La. Const. Art. 7, Section 10(5) (1921) no appeal lies. We therefore treat this matter as a timely application for writs. See State v. Duplantis, 296 So.2d 818 (La.1974).
[2] One other bill of exceptions was perfected; however, defendant, expressly abandoned the bill in brief.
[3] The recency is contested; but see the following paragraphs of this opinion, which reject this contention.
[4] The defendant Boudreaux complains that the affidavit inaccurately indicated he was "temporarily staying at Room 113 of Ziegler as the air conditioning of his usual room in Ziegler Dormitory was not functioning * * *." (Italics ours.)

The affidavit clearly requests a search warrant for Room 113, Sallier Dormitory. Read in its entirety, the affidavit plainly indicates that the reference to Room 113 of Ziegler is a simple mistake, and that Sallier Dormitory was the present temporary location of the defendant. This mistake does not materially affect or alter the information contained in the affidavit.
[5] The defendant further suggests that the night-time search was illegal, in view of traditional restrictions upon invading homes at night. However distasteful the night-time invasion, it is not here illegal.

The search warrant was authorized at 9:40 PM. It authorized a search either at day or at night. The actual search and seizure was made at about 11:30 PM. The defendant overlooks that by a 1972 amendment to La.R.S. 40:958 (1972) search warrants for illegal drugs may be executed at any time. See also State v. Bienvenu, 260 La. 1023, 258 So.2d 72 (1972).