383 So.2d 365 (1980)
STATE of Louisiana
v.
Barbara Gail FONTENOT.
No. 65773.
Supreme Court of Louisiana.
April 7, 1980.
Rehearing Denied May 19, 1980.
*366 James D. Sparks, Jr., Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Lowen B. Loftin, Dist. Atty., William R. Coenen, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.[*]
In this criminal case we are called upon to decide whether there were exigent circumstances justifying police officers in directing a physician to conduct a warrantless search of a woman's genital canal for narcotics. *367 We conclude that the officers were not confronted with an emergency warranting their failure to obtain a warrant. Under the circumstances of the case, a delay necessary to obtain a warrant did not threaten the destruction of the evidence. Accordingly, defendant's conviction and sentence based on the unlawful warrantless search and seizure must be reversed, and the case must be remanded for further proceedings.
Defendant, Barbara Gail Fontenot, was charged by bill of information with the crime of possession of seconal, a violation of La.R.S. 40:967(C). Defendant's motion to suppress the evidence was denied by the trial court following a hearing on the motion. Defendant entered a plea of nolo contendere and reserved her right to take an appeal from the ruling on the motion to suppress. Defendant was sentenced on August 3, 1979 to serve three years at hard labor. She appealed from her conviction and sentence assigning the trial court's failure to grant her motion to suppress as error.
On December 29, 1977 the defendant, along with another woman, Ann Hogan, entered a drugstore in Rayville, Louisiana and presented a prescription for seconal to the pharmacist. The pharmacist, suspecting that the prescription was a forgery, called the physician for verification. When the doctor informed the pharmacist that he had not written the prescription, the pharmacist telephoned the police and filled the prescription. Upon receipt of the filled prescription the two women left the drugstore with a small bottle of seconal capsules; however, the police arrived prior to their departure in Ann Hogan's automobile. Ms. Hogan and Ms. Fontenot were taken to the police station and advised of their rights. After a brief interrogation, they were formally arrested for forging a prescription.
Ms. Hogan consented to a search of her vehicle, but the search failed to produce the bottle of seconal. The two women were stripped naked and searched by a female deputy but the pill bottle was not found. After the strip-search Ms. Hogan informed a police officer that the pill bottle was inside Ms. Fontenot's vagina. The two women were taken to the Richland Parish Hospital and examined by the parish coroner. As a result of a pelvic examination of Barbara Fontenot, the pill bottle was retrieved.
The government's right to search the person of the accused when legally arrested to discover and seize the fruits or evidence of crime has little applicability to searches involving intrusions beyond the body's surface. Such intrusions are forbidden by the Fourth Amendment unless (1) there is a clear indication such evidence will be found; (2) the search is authorized by a warrant issued by a neutral and detached magistrate, absent an emergency which threatens destruction of the evidence during the delay necessary to obtain a warrant; and (3) the search or intrusion is performed in a reasonable manner. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
Applying the Schmerber principles, we conclude that in the present case no emergency or exigent circumstances prevented the officers from seeking out a magistrate to secure a warrant. The facts clearly indicated that the defendant had secreted the bottle of seconal pills in her vagina. The arresting officer testified that a search warrant could have been obtained from a judge in a neighboring parish within one and one-half to two hours. During the delay the defendant could have been guarded and prevented from destroying the evidence by the female officer who was on duty at the time. Since the seconal capsules were enclosed in a pill bottle there was no danger that they would be absorbed or destroyed by the woman's body during the delay.
The present case is distinguishable from others in which there was a real danger that the evidence would have been destroyed had the officers delayed to get a warrant. See State v. Winfrey, 359 So.2d 73 (La.1978); State v. Wood, 262 La. 259, 263 So.2d 28 (1972).
*368 The prosecution's contention that the search was conducted pursuant to a valid consent is meritless. The evidence shows beyond dispute that Ms. Fontenot was never asked for her permission to search. Instead, the record reflects that she acquiesced to an implicit claim of lawful authority by the officers.
The defendant was never asked for her permission to search her body cavity. She was taken into custody, taken to the police station, interrogated and formally arrested. After she had been stripped naked and searched by a female officer, she was taken to the hospital where she was informed by the male police officers and the coroner that a search of her genital canal would be performed. She was not asked for permission and she granted none either verbally or in writing. When she was told that she would be searched, the defendant nodded her head and submitted peacefully to the intrusion.
When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). This burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654 (1921). The claim of such a right, though not expressly stated, is implicit when the police, instead of asking for permission to make the search, say that they have come to search or that they are going to search. Amos v. United States, supra; Johnson v. United States, supra; Ferrara v. State, 319 So.2d 629 (Fla. App.1975); State v. Ahern, 227 N.W.2d 164 (Iowa 1975); LaFave, Search and Seizure: A Treatise on the Fourth Amendment, § 8.2 p. 641 (1978).
Under the circumstances of the present case, the prosecution's evidence shows no more than Ms. Fontenot's acquiescence to a claim of lawful authority. It is conceivable that a person could give a voluntary and uncoerced consent to a probe of her interior organs after being arrested, interrogated and strip-searched at the stationhouse, and told she would be examined internally by the coroner. But a mere nodding of the head and peaceful submission in the present case more than likely indicated that Ms. Fontenot chose to yield to a claim of lawful authority or other implied coercion. Perhaps an extraordinary person possessing unusual knowledge would not be coerced by these circumstances and would be capable of giving free and voluntary consent. In the instant case, however, the state has not carried its burden of showing that there were unusual circumstances or characteristics of the defendant which would justify a conclusion that her actions signified consent.
For the foregoing reasons, the defendant's conviction and sentence are reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
WATSON, J., dissents.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
In my view, there was an emergency which threatened the destruction of the evidence during the delay necessary to obtain a warrant, i.e., defendant could have disposed of the evidence upon request to relieve herself. Moreover, I consider defendant acquiesced in the intrusion. Accordingly, I respectfully dissent.
NOTES
[*] The Honorable PAUL B. LANDRY, Jr., (Retired) participated in this decision as an Associate Justice pro tempore.