CIACCIO, Judge.
The State of Louisiana applied to this court for a writ of certiorari for us to review the trial court ruling which granted defendant’s motion to suppress evidence. At the request of this court, defendant filed a brief opposing the State, and the trial court forwarded to us the court record, including a transcript of the hearing on the motion to suppress evidence. After considering the arguments presented *886 by counsel and reviewing the record of the proceedings, we reverse the ruling of the trial court.
Two witnesses testified at the hearing on defendant’s motion. They were the police officers involved in defendant’s arrest and the discovery and seizure of the evidence. Both officers testified to the same scenario.
The officers observed a car make an illegal turn, and followed in pursuit. The car sped away and there ensued a high speed chase with the officers using the blue flashing lights and the siren of their police unit. The car was eventually cornered in the rear of a graveyard.
Two persons occupied the vehicle. The officers ordered the driver to get out of the car and requested him to produce his driver’s license. At first he stated that he did not have a license, but then produced an expired license. The officers then placed the driver under arrest.
Incident to the arrest the officers searched the driver and discovered a small brown envelope containing what they believed was marijuana. The officers confiscated the envelope and its contents. (This is the evidence to which defendant directed his motion to suppress.)
When asked if they saw the man they had arrested, both officers replied that they did not recognize him among the persons in the courtroom at the time of the hearing.
The trial judge’s comments in the record immediately following the hearing indicate that she thought, “This is a good search, That, I'll agree with. It would be a good search, but we don’t know who has been searched.” The testimony of the officers indicates that the person searched, and from whom the evidence was seized was the driver of the car which was observed making an illegal turn. What is indiscerna-ble from the testimony is whether the defendant in court at the motion hearing had been the driver of the car, the possessor from whom the evidence was seized. As a result of this lacuna in the evidence the trial judge determined that the evidence must be suppressed.
The trial judge erred. The only issue properly before the trial court at the hearing on the motion to suppress was whether the evidence should be excluded as unconstitutionally seized. State v. Tanner, 432 So.2d 1186 (La.App.3d Cir.1983). A motion may be used to suppress evidence taken by means of an “unconstitutional search and seizure”, La.C.Cr.P. Art. 703 (A), but our procedure does not authorize the use of the motion to suppress to test the admissibility of evidence constitutionally seized. Questions of admissibility, relevance, weight and connexity are properly resolved at trial on the merits. State v. Garnier, 261 La. 802, 261 So.2d 221 (1972). See also State v. Murray, 357 So.2d 1121 (La.1978), and compare, State v. Bienvenu, 260 La. 1023, 258 So.2d 72 (1972), footnote 1., and State v. Dudek, 263 La. 258, 268 So.2d 217 (1972). Since the trial judge did not find a violation of any constitutional rights, and our review convinces us that the State carried its burden of proving that the evidence was properly seized, the evidence is not subject to suppression under La.C.Cr.P. Art. 703.
Accordingly the trial court ruling suppressing the evidence is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.