652 So.2d 666 (1995)
STATE of Louisiana
v.
Johnny A. NICHOLAS.
No. 94 KW 1096.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
John Schoonenberg, Asst. Dist. Atty., Houma, for relator, State of Louisiana.
*667 Barry Vice, Houma, for respondent, Johnny A. Nicholas.
Before GONZALES, PARRO, JJ., and REDMANN[1], J. Pro Tem.
GONZALES, Judge.
Johnny A. Nicholas was charged by bill of information with possession with intent to distribute marijuana, a violation of La.R.S. 40:966(A)(1). He pled not guilty and filed a motion to suppress the evidence, arguing the search, which was allegedly conducted at nighttime, was illegal because the warrant did not authorize a nighttime search. The district court granted the motion; and the state filed an application with this Court seeking a review of the trial court's decision. We issued a writ of certiorari and ordered the parties to file briefs and appear for oral argument.
On the afternoon of August 17, 1992, Officer Patrick Babin (a narcotics officer with the Houma Police Department) secured a search warrant authorizing the search of the residence where defendant and his grandparents lived in Houma. The affidavit submitted in support of the request for the warrant detailed two instances during the month of August (most recently in the last 72 hours) in which a confidential informant purchased marijuana from defendant at the residence. The agents did not execute the warrant immediately because they expected more marijuana to arrive. They also agreed the warrant should be executed when defendant was home. The informant had purchased marijuana from defendant at 7:00 and 8:00 p.m., and the agents were aware that defendant either worked or had activities which kept him away from home during the day. Because defendant's grandfather was bedridden, the agents wanted to avoid executing the warrant when defendant was not present.
Commander Louis Hyatt (of the Terrebonne Parish Narcotics Strike Force) and his agents arrived before dark on August 19 to execute the warrant. Hyatt called the residence and was told by an elderly woman that defendant was not home. He and the other agents then set up surveillance to wait until defendant arrived to execute the warrant. After maintaining surveillance for several hours, Hyatt decided to execute the warrant although defendant was not yet home. He explained that he wanted to execute the warrant before the grandparents had turned off the lights and gone to bed. At about 9:00 p.m., the officers knocked on the door, told the grandmother about the warrant, and asked to come into the house to wait for defendant. The grandmother let the officers in. At about 9:30 p.m., defendant arrived. An officer advised him of his rights and told him about the warrant. Defendant agreed to go with one of the officers to his bedroom to get the marijuana.
Hyatt indicated it was not dark when the agents arrived, but it was "night" and "dark" when the warrant was executed. Hyatt explained, "This is August, so it doesn't get dark, really, until late, late in the evening, as it does now." He also testified that the house was under surveillance before the warrant was executed and that the officers could have remained there until the daylight hours. Hyatt conceded that the warrant did not authorize a nighttime search. When asked if there was anything in the warrant which prohibited him from executing the warrant after daylight hours, Hyatt said, "I didn't see any situation that would prohibit me from executing the search warrant."
In three related assignments of error, the state claims the court erred when it granted the motion to suppress the evidence. In granting the motion, the trial court relied upon the language of article 163 of the Louisiana Code of Criminal Procedure, which provides that "[a] search or seizure shall not be made during the nighttime or on Sunday, unless the warrant expressly so directs." The court concluded the language of article 163 was straightforward and noted that the word "shall" was mandatory. See La.C.Cr.P. art. 5.
The state first argues the officers did not actually search the house pursuant to a *668 warrant but instead relied upon defendant's consent and, thus, the fact that the search was conducted at night is irrelevant. Although defendant voluntarily showed the agents the marijuana located in his bedroom, he did so after being presented with the search warrant. Mere acquiescence to a claim of lawful authority does not establish free and voluntary consent to a search. See State v. Fontenot, 383 So.2d 365, 368 (La. 1980). There is no indication the agents attempted to secure consent to search the residence from either defendant or his grandparents. This argument by the state is meritless.
The state next argues that, although the search was conducted at 9:30 p.m., the search was not conducted at "nighttime" and, thus, the specific authorization for a nighttime search required by article 163 was not required. According to article 163, a warrant may be executed at nighttime only if the warrant "expressly so directs." The Uniform Controlled Dangerous Substances Law similarly requires authorization if the warrant is to be served at any time of the day or night: "A search warrant relating to offenses involving controlled dangerous substances may be authorized to be served at any time of the day or night if the judge or magistrate issuing the warrant is satisfied that there is probable cause to believe that grounds exist for the warrant." La.R.S. 40:985 (emphasis added). See also State v. Boudreaux, 304 So.2d 343, 346 n. 5 (La.1974).
In support of its argument, the state relies upon the Federal Rules of Criminal Procedure for the definition of "nighttime." Under the federal rules, warrants must be served in the "daytime," unless authorization is granted, upon a showing of reasonable cause, to execute the warrant at other times. Fed.R.Cr.P. 41(c)(1). The term "daytime" is specifically defined in the federal rules as being the "hours from 6:00 a.m. to 10:00 p.m. according to local time." Fed.R.Cr.P. 41(h).
The Louisiana Code of Criminal Procedure does not include a definition for "nighttime." Various definitions have been used in statutes and jurisprudence from other states. See Black's Law Dictionary 941-42 (5th ed. 1979); 79 C.J.S. Searches & Seizures § 83, at p. 901 (1952). Our interpretation of article 163 is guided by article 2 of the Code of Criminal Procedure which provides: "The provisions of this Code are intended to provide for the just determination of criminal proceedings. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable delay." In Louisiana, nontechnical words not defined in a statute should be construed according to the common and approved usage of the language. See La.R.S. 1:3 & 14:3. In the dictionary, "nighttime" is defined as "the time from dusk to dawn." Webster's Ninth New Collegiate Dictionary 798 (1990). "Dusk" is defined as "the darker part of twilight especially at night" or "darkness or semidarkness caused by the shutting out of light;" and "dawn" is defined as "the first appearance of light in the morning followed by sunrise." Webster's Ninth New Collegiate Dictionary 326 & 389 (1990). Commander Hyatt testified that it was "dark" and "night" when the warrant was executed. Using the common definition of "nighttime," it is apparent the warrant was executed at nighttime without the authorization required by article 163.
The state next argues that, assuming the search at 9:30 p.m. violated article 163, such violation should not result in suppression of the evidence. Citing United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the state argues the good faith exception to the exclusionary rule should apply. In Leon, the United States Supreme Court held that the exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in an objectively reasonable good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid under the Fourth Amendment. See State v. Shannon, 472 So.2d 286, 290-91 (La.App. 1st Cir.), writ denied, 476 So.2d 349 (La.1985). See also State v. Barrilleaux, 620 So.2d 1317, 1321-22 (La.1993).
Not all violations of statutory restrictions are deemed constitutional violations; and the exclusionary rule does not apply to all non-constitutional violations of *669 statutes. State v. Gamberella, 633 So.2d 595, 601 (La.App. 1st Cir.1993), writ denied, 94-0200 (La. 6/24/94), 640 So.2d 1341. In State v. Matthieu, 506 So.2d 1209 (La.1987), the Louisiana Supreme Court concluded that a less stringent standard (than the objective reasonableness standard applied in Leon) was appropriate where a constitutional violation is not present. The Court reasoned that the primary purpose of the exclusionary rule is to deter unconstitutional methods of law enforcement. The exclusionary rule does not purport to reach all illegal conduct of officers, and does not apply to deter wrongful or improper official conduct that does not violate a person's reasonable expectation of privacy under the Fourth Amendment. 506 So.2d at 1212. Faced with a search which occurred outside the territorial jurisdiction of the court which had issued the warrant (in violation of the procedural rule contained in article 161 of the Code of Criminal Procedure), the Supreme Court declined to suppress the evidence, noting that the error was an "honest error of judgment" and was "not due to a knowing or intentional violation of law." 506 So.2d at 1213.
Consistent with Matthieu, merely because a violation of article 163 occurs (when a search is conducted after dark at 9:30 p.m. without specific authorization for a nighttime search), suppression of the evidence is not required. While there might be some circumstances under which a nighttime search of an occupied family residence would be considered unreasonable under the federal and state constitutions,[2] the search conducted in the instant case was not unreasonable. The agents arrived before dark and conducted surveillance. Concerned about defendant's elderly grandparents, the agents decided to warn the grandparents about the impending search. When the agents entered the home at 9:00 p.m., lights still were on. When defendant arrived thirty minutes later, the search warrant was executed. According to the testimony of Commander Hyatt, it appears the agents executing the warrant either overlooked or were unaware of the requirements of article 163. Although the unauthorized nighttime search violated the requirements of article 163, the search was not unconstitutional. Article 703 of the Code of Criminal Procedure authorizes the suppression of evidence which has been "unconstitutionally obtained." As no constitutional rights were violated, the evidence is not subject to suppression under article 703. See State v. Murray, 357 So.2d 1121, 1123 (La. 1978). See also La.C.Cr.P. art. 703, comment (b); State v. Bienvenu, 260 La. 1023, 258 So.2d 72, 75 n. 1 (1972); State v. Green, 454 So.2d 885, 886 (La.App. 4th Cir.1984). Accordingly, the court erred by granting defendant's motion to suppress.
WRIT GRANTED; MOTION TO SUPPRESS DENIED; REMANDED FOR FURTHER PROCEEDINGS.
WILLIAM V. REDMANN, J. Pro Tem., dissents and assigns reasons.
WILLIAM V. REDMANN, Judge Pro Tem., dissenting.
State v. Matthieu is not controlling, because there the law enforcement officers had a mistaken factual belief (that a house was inside the warrant-issuing court's jurisdiction when actually 100 to 150 yards outside). In the present case, the officers' mistake was not factual (the officers testified it was "night," and "dark") but legal (they thought it was all right to do something expressly prohibited by plain statute).
More important, La. Const. 1974 art. 1 § 5 demands that "Every person shall be secure... against unreasonable searches, seizures or invasions of privacy." The Louisiana legislature has enacted into law its judgment that nighttime searches are unreasonable, unless there are such grounds as would persuade a judicial officer to expressly provide in a warrant for its nighttime execution. My judgment is the same. "[I]t is difficult to imagine a more severe invasion of privacy than the nighttime intrusion into a private home." Jones v. United States, 357 U.S. 493, 498, 78 S.Ct. 1253, 1257, 2 L.Ed.2d 1514 (1958). A nighttime search without a nighttime warrant is a search not only not authorized *670 by Louisiana law but, to the contrary, expressly forbidden.
I would affirm the trial judge's ruling.
NOTES
[1] Judge William V. Redmann, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] See Gooding v. United States, 416 U.S. 430, 462-64, 94 S.Ct. 1780, 1796-98, 40 L.Ed.2d 250 (1974) (Marshall, J., dissenting); W. LaFave, Search & Seizure § 4.7(b) (2d ed.1987).