PER CURIAM.
Granted. This case is remanded to the court of appeal for reconsideration and written treatment in light of United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). See United States v. Richardson, 943 F.2d 547, 550 (5th Cir.1991); United States v. Turner, 926 F.2d 883, 886 (9th Cir.1991); United States v. Rome, 809 F.2d 665, 669-70 (10th Cir.1987). See also State v. Matthieu, 506 So.2d 1209, 1212 (La.1987) (“‘La.C.Cr.P. Art. 703 permits suppression only of evi *966 dence obtained “by an unconstitutional search or seizure.” It was not intended to permit suppression of evidence seized by a warrant ‘illegal’ merely because technically contrary to law, unless the seizure is viola-tive of fundamental due process concepts.’ ’’(quoting State v. Bienvenu, 260 La. 1023, n. 1, 258 So.2d 72, 74 (1972)).