STEPHEN J. WINDHORST, Judge.
| «¡.Defendant, Orlando Young, was convicted of possession of 28 grams or *140 more, but less than 200 grams of cocaine[1] in violation of La. R.S. 40:967F, and in due course, was sentenced as a second felony-offender to 20 years imprisonment at hard labor to be served without benefit of probation or suspension of sentence.[2] The court further ordered defendant to pay a fine of $50,000.00. Defendant now appeals from his conviction and sentence, contending that the trial court erred in denying his motions to suppress evidence and statements. We affirm defendant’s conviction of possession of 28 grams or more, but less than 200 grams of cocaine and his adjudication as a second felony offender. Defendant’s sentence is amended to delete the fine, and his sentence of 20 years imprisonment at hard labor to be served without benefit of probation or suspension of sentence is affirmed as amended.
J^FACTS
On November 8, 2011, Officer David Schlueter of the Kenner Police Department Narcotics Investigations Section, and other officers initiated an investigation of a residence located at 904 27th Street in Kenner after receiving information from a confidential informant (“Cl”) that a black male, with several tattoos on his neck, face, and arms, was selling crack cocaine from that residence. They followed up on the information they received by conducting a controlled buy of crack cocaine from 904 27th Street utilizing the Cl.
The controlled buy was conducted outside the residence during nighttime hours. The Cl purchased an off-white, rock-like object, which field tested positive for cocaine. Because it was dark, the officers were not able to identify the black male who sold cocaine to the Cl. After the controlled buy, Officer Schlueter obtained a search warrant for the residence located at 904 27th Street, authorizing the search of the premises and anyone located on or in the premises.
The search warrant was executed on November 17, 2011. The officers entered the residence and found two adults, defendant and Precious Robinson, and seven children in the premises. Defendant was lying on a couch in the living room when officers entered. After the residence was secured, Detective Wimberly brought defendant to the rear bedroom while Ms. Robinson and the children remained in the living room.
Detective Wimberly advised defendant *141 of his Miranda[3] rights and defendant stated that he understood his rights and waived them. Detective Wimberly advised defendant that this was a narcotics investigation and that they had a search warrant for the residence. Detective Wimberly told defendant that since Ms. Robinson and the children were present, it might be better to cooperate to save the officers from | ¿having to “tear through the house.” According to Detective Wimberly, defendant advised him that Ms. Robinson had nothing to do with the investigation and that he did have narcotics in the house. Defendant led Detective Wimberly to the couch in the living room and pointed to the pullover sweater on the couch and stated, “It’s in there.” Detective Wimberly testified that defendant told him that the sweater belonged to him. Detective Wim-berly picked up the sweater, reached into the pocket, and recovered a clear bag of off-white, rock-like objects, consistent with crack cocaine. Because defendant showed Detective Wimberly where the narcotics were located, the officers did not search anywhere else in the residence. Defendant was arrested and taken into custody.
DISCUSSION
In his sole assignment of error, defendant contends that it was reversible error for the trial court to deny his motions to suppress evidence and statements. Defendant claims that he did not have constructive or actual possession of the cocaine that was discovered in the apartment of his friend, Ms. Robinson.[4] Defendant also argues that he was not the owner of the sweater that the cocaine was found wrapped in because the sweater was an extra-large size, and defendant wore a size “3XL.” Further, defendant claims that his alleged statements to the police were not admissible because he was not informed of his Miranda rights before the police interrogation.
Motion to Suppress Evidence
The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. The | .^remedy for evidence derived from an unreasonable search or seizure is exclusion of the evidence from trial. State v. Washington, 11-716 (La.App. 5 Cir. 3/13/12), 90 So.3d 1157, 1160. A defendant who is adversely affected may move to suppress any evidence from use at trial on the ground that it was unconstitutionally obtained. La.C.Cr.P. art. 703A.
As a general rule, searches and seizures must be conducted pursuant to a validly executed search warrant or arrest warrant. State v. Payne, 10-46, 10-47 (La.App. 5 Cir. 1/25/11), 59 So.3d 1287, 1295, writ denied, 11-0387 (La.9/16/11), 69 So.3d 1141. A search warrant may be issued only upon probable cause established to the satisfaction of a magistrate, by the affidavit of a credible person, particularly describing the person or place to be searched and the things to be seized. Id. Probable cause for the issuance of a search warrant exists when the facts and circumstances within the affiant’s knowledge and of which he has reasonably trust *142 worthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. Id. The determination of probable cause does not rest on an officer’s subjective beliefs or attitudes, but turns on a completely objective evaluation of all the circumstances known to the officer at the time of his challenged action. Id. A search warrant must establish a probable continuing nexus between the place sought to be searched and the property sought to be seized. Id.
When ruling on a motion to suppress, the trial court is afforded great discretion, and its ruling will not be disturbed absent an abuse of its discretion. Washington, 90 So.3d at 1160. The task for a reviewing court is to ensure that under the totality of the circumstances the magistrate had a “substantial basis” for concluding that probable cause existed. Payne, 59 So.3d at 1296. Facts contained | fiwithin the affidavit must establish the existence of probable cause for issuing a warrant. Id. If the magistrate finds that the affidavit is sufficiently detailed and reliable to show probable cause, the reviewing court should interpret the affidavit in a realistic and common sense fashion, being aware that it is normally prepared by non-lawyer police officers in the midst and haste of a criminal investigation. Id. Within these guidelines, courts should strive to uphold warrants to encourage their use by police officers. Id. When evidence is seized pursuant to a valid search warrant, the defendant bears the burden of proof at a hearing on his motion to suppress that evidence. Id. Marginal cases should be resolved in favor of a finding that the issuing magistrate’s judgment was reasonable. Id. (citing State v. Rodrigue, 437 So.2d 830, 833 (La.1983)).
At the motion to suppress evidence hearing, Officer Schlueter testified that the Cl contacted him on his department cell phone and informed him that a black male, with several tattoos on his face, neck and arms, was selling illegal narcotics at 904 27th Street.
After the Cl advised him that he could purchase cocaine from this individual, Officer Schlueter contacted Detectives Brian Norwood and Mark McCormick to set up visual surveillance on the residence. Once the surveillance was set up, Officer Schlueter searched the Cl for contraband or currency, which proved negative. He provided the Cl with $20.00 in Kenner police funds to conduct a purchase of crack cocaine. Officer Schlueter observed the Cl arrive at 904 27th Street on foot and knock on the front door. A black male answered the door and Officer Schlueter observed the black male conduct a hand-to-hand transaction with the CL
Officer Schlueter testified that the officers were only able to see that the black male was dressed in all black. The officers were unable to observe any |7physical or facial description of the black male because it was late at night. Officer Schlueter further testified that the Cl advised him and the other officers that this was the same black male with multiple tattoos on his face, neck and arms that he referred to when he first contacted the police.
Officer Schlueter testified that the Cl provided him with an off-white, rock-like object, which tested positive for cocaine. Another search of the Cl proved negative for any other contraband or currency. After, Officer Schlueter returned to the police department, he recorded the weight of the off-white, rock-like object and then stored it in his narcotics safe.
Officer Schlueter further testified he prepared an application for a narcotics search warrant on November 11, 2011, for *143 the premises located at 904 27th Street, including “anyone located on/or inside the premises.” In the application, Officer Schlueter attested to facts surrounding the Cl’s initial contact with him concerning narcotics being sold from the premises located at 904 27th Street, a detailed description of the controlled buy utilizing the Cl, the Cl’s prior reliability and assistance, and requested a warrant for search of the premises. A search warrant was issued authorizing the search of the premises located at 904 27th Street, including anyone located on or in the premises.
Officer Schlueter testified that the warrant was executed on November 17, 2011. The officers gained entry into the residence by breaching the door with a ram. Officer Schlueter testified that the door was locked, and they did not knock because it was a “no-knock warrant.” He discovered defendant and Ms. Robinson, along with her children. After the residence was secured, Officer Schlueter testified he left and returned to another residence where he was also conducting an unrelated search warrant. According to Officer Schlueter, Ms. Robinson was the 1 Sresident of the house, and defendant did not reside there. Officer Schlueter testified that narcotics were recovered during the execution of the search warrant.
Based on the testimony and evidence, the facts and circumstances were sufficient to support a reasonable belief that crack cocaine was being sold from the residence at 904 27th Street. Accordingly, we find that there was probable cause for issuing the search warrant and the trial court did not abuse its discretion in denying defendant’s motion to suppress evidence.
Constructive Possession[5]
Defendant argues that he was identified by a Cl who was unable to provide a full name of the black male who sold the narcotics, the evidence was discovered in Ms. Robinson’s residence, and the narcotics were discovered in a sweater that did not belong to him. Thus, defendant contends that the trial court erred in denying his motion to suppress evidence.
La.C.Cr.P. art. 703A provides for suppression of evidence obtained by an unconstitutional search or seizure. La. C.Cr.P. art. 703A is not intended to permit suppression of evidence seized by a warrant unless the seizure violates fundamental due process concepts. State v. Guidry, 03-1944 (La.11/21/03), 862 So.2d 965, 965-966. The only issue properly before the trial court at a hearing on a motion to suppress is whether the evidence should be excluded as unconstitutionally seized. Procedurally, a motion to suppress is not used to test the admissibility of evidence constitutionally seized. State v. Garnier, 261 La. 802, 261 So.2d 221, 223 (1972); State v. Green, 454 So.2d 885, 886 (La.App. 4 Cir.1984). Questions of admissibility, relevance, weight and connexity are properly resolved |flat a trial on the merits. Id.; State v. Tanner, 457 So.2d 1172 (La.1984); See also State v. Joseph, 454 So.2d 237, 242 (La.App. 5 Cir.1984).
We find that the defendant’s contentions fail to show error in the trial court’s denial of the motion to suppress evidence. Nevertheless, the following addresses the merits of defendant’s contentions that he was not in possession of the cocaine recovered during the execution of the warrant.
*144 The officer’s determination that defendant was in possession of the cocaine was not dependent on the credibility of the CL Defendant’s possession of the cocaine was based on police observation. The application for the search warrant stated that “this particular source has proved to be reliable numerous times in the past and his/her assistance has led to multiple arrests and convictions, with seizures of large amounts of U.S. currency and narcotics.” After the Cl provided information that crack cocaine was being sold from the residence by a black male, the officers corroborated the information by conducting the controlled buy with the Cl at the specific address indicated on the search warrant.
During the surveillance, officers observed a black male conduct a hand-to-hand transaction with the Cl. The search warrant itself authorized that the search of the premises including anyone located on or in the premises. When the search warrant was executed, defendant was the only adult black male in the residence.
Additionally, the evidence supports the finding that defendant was in possession of the crack cocaine discovered by officers. A person not in physical possession of a drug may have constructive possession when the contraband is under the person’s dominion and control. State v. Fisher, 03-326 (La.App. 5 Cir. 7/29/03), 852 So.2d 1075, 1079, writ denied, 03-2545 (La.5/14/04), 872 So.2d 510. The key factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession are Imthe defendant’s knowledge that illegal drugs were in the area, his relations with a person found to be in actual possession, the defendant’s access to the area where the drugs were found, evidence of recent drug use by the defendant, the existence of drug paraphernalia, and evidence that the area was frequented by drug uses. Id.
Defendant had knowledge that illegal drugs were in the residence because he admitted drugs were in the residence to the officer and actually led him to where the drugs were located. When officers entered the residence, defendant was in the living room and was either sitting on the same couch or on the couch across from where the drugs were found. Therefore, defendant had access to the area where the drugs were found shortly before the officer discovered it. Additionally, the officers had previously observed a drug transaction conducted at the residence. Therefore, we find that the evidence showed that defendant possessed the cocaine at the time the search warrant was executed.
Accordingly, we find that the trial court did not abuse its discretion in denying the defendant’s motion to suppress evidence.
Motion to Suppress Statements
La.C.Cr.P. art. 703B provides that “[a] defendant may move on any constitutional ground to suppress a confession or statement of any nature made by the defendant.” Before an inculpatory statement made during a custodial interrogation may be introduced into evidence, the State must prove beyond a reasonable doubt that the defendant was first advised of his Miranda rights, that he voluntarily and intelligently waived his Miranda rights, and that the statement was made freely and voluntarily and not under the influence of fear, intimidation, menaces, threats, inducement or promises. La. R.S. 15:451; State v. Mollette, 08-138 (La.App. 5 Cir. 11/25/08), 2 So.3d 461, 467, writ denied, 09-0155 (La.10/16/09), 19 So.3d 472.
111A determination of whether a waiver of constitutional rights was know *145 ing and voluntary is made on a case-by-ease basis, and such a determination rests upon the totality of the circumstances. State v. McGee, 04-963 (La.App. 5 Cir. 1/11/05), 894 So.2d 398, 407, writ denied, 05-0593 (La.5/20/05), 902 So.2d 1050. There is a presumption against waiver which the State must rebut. State v. Lemonte, 12-657 (La.App. 5 Cir. 1/30/13), 108 So.3d 1271, 1278. The State must specifically rebut the defendant’s allegations when claims of police misconduct in eliciting a confession are raised. State v. Blank, 04-0204 (La.4/11/07), 955 So.2d 90, 103, cert. denied, 552 U.S. 994, 128 S.Ct. 494, 169 L.Ed.2d 346 (2007).
To determine whether the trial court’s ruling is correct, an appellate court is not limited to the evidence presented at the motion to suppress hearing, but also may consider pertinent evidence presented at trial. Mollette, 2 So.3d at 467. The trial court’s admissibility of a statement, and its conclusions on the credibility and weight of the testimony relating to the voluntariness of the confession or statement, are entitled to great weight and will not be overturned unless unsupported by the evidence. State v. Allen, 06-778 (La. App. 5 Cir. 4/24/07), 955 So.2d 742, 752, writ denied, 08-2432 (La.1/30/99), 999 So.2d 754. The testimony of an interviewing police officer alone may be sufficient to prove that an inculpatory statement was given freely and voluntarily. State v. Hunt, 09-1589 (La.12/1/09), 25 So.3d 746, 755.
Defendant contends that he remained silent and did not make any statements to the police and he refused to verify or deny that there were drugs in the residence. Defendant further claims that his alleged statements to the police were not free and voluntary; he was not free to ignore the officer’s questions; he was not advised of l^his right to remain silent; and the officers made several threats[6] in an attempt to force defendant to speak.
Detective Wimberly testified at the hearing and trial that he participated in the investigation that resulted in the arrest of defendant. At the time the search warrant was executed, Detective Wimberly spoke to defendant, after first advising him of his Miranda rights. According to Detective Wimberly, defendant stated that he understood and waived his rights. Detective Wimberly testified that he pulled defendant aside into a rear bedroom, explained to him the nature of the investigation and informed him of the narcotics search warrant. Detective Wimberly stated to defendant, “Look, if you have anything here, we’re going to find it, you know. It would be best for you to cooperate; that way, we don’t have to tear through the house.”
Detective Wimberly testified that he did not force, threaten, or coerce defendant into making a statement, or promise him anything in return for his statement. Defendant stated that he had “some crack” located where he was lying on the couch in the living room when the officers first entered the house. Defendant walked with Detective Wimberly to the living room and pointed to a sweater lying on the back of the couch. v In the sweater pocket, *146 Detective Wimberly found a big, clear bag containing several rock-like objects that appeared to be crack cocaine. Detective Wimberly testified that defendant stated that the drugs belonged to him, that Ms. Robinson had nothing to do with the drugs, and Ms. Robinson had no knowledge that the drugs were there.
1 lsDetective Treigle testified at trial that he observed defendant show Detective Wimberly the sweater that contained the crack cocaine. He further testified that he heard defendant state that the crack cocaine belonged to him, that Ms. Robinson was not involved, and there were no other narcotics in the residence.
Defendant testified at trial that he was silent and did not have any conversations with any officer that night and did not sign any documents. Defendant subsequently testified that he attempted to tell the police that he had nothing to do with the drugs, but they refused to listen. Defendant later testified that he did not explain anything to the officers and did not say anything. He testified that he did not make any statements to the officers that the drugs belonged to him and that Ms. Robinson had nothing to do with the drugs.
Considering the above stated facts, we find that the trial court did not abuse its discretion in denying defendant’s motion to suppress statements.
ERRORS PATENT
The record was reviewed for errors patent, in accordance with the mandates of La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). The following error patent requires corrective action.
When sentencing defendant as a habitual offender, the trial judge imposed a fine of $50,000.00. La. R.S. 15:529.1 only provides for enhanced sentences relating to the term of imprisonment. The statute does not authorize the imposition of a fine. State v. Dickerson, 584 So.2d 1140 (La.1991). Accordingly, we hereby amend defendant’s sentence to delete the fine by way of this Court’s opinion. State v. Baskin, 13-351 (La.App. 5 Cir. 10/30/13), 129 So.3d 614, 624 (citing State v. Marshall, 45,567 (La.App. 2 Cir. 9/22/10), 47 So.3d 1083, writ denied, 11410-2411 (La.2/25/11), 58 So.3d 457). As amended, defendant’s sentence is hereby affirmed.
CONCLUSION
For the foregoing reasons, defendant’s conviction of possession of 28 grams or more, but less than 200 grams of cocaine and his adjudication as a second felony offender are affirmed. Defendant’s sentence is amended to delete the fine, and his sentence of 20 years imprisonment at hard labor, the first five of which is to be served without benefit of parole,[7] and the entirety of which is to be served without probation or suspension of sentence is affirmed as amended.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED.

. The bill of information charges defendant with possession of cocaine "in excess of 28 to 200 grams,” which does not follow the precise statutory language of R.S. 40:967G. However, it is clear from the evidence and record that the defendant was found in possession of 41 grams of cocaine, and that the defendant and jury understood the nature and parameters of the charge.

. Defendant’s sentence is illegally lenient in that the trial court did not order the first five years of his sentence to be served without benefit of parole, as provided in R.S. 40:967G. While R.S. 15:529.1G requires that second felony habitual offender sentences under R.S. 15:529.1 (A) 1 be served without the benefit of probation or suspension of sentence, the restriction on parole eligibility in the underlying statute (R.S 40:967G) also applies to the habitual offender enhanced sentence. State v. Bruins, 407 So.2d 685 (La.1981). Thus, the first five years of the defendant's sentence must be served without benefit of parole.
La. R.S. 15:301.1A provides that in instances where the statutory restrictions are not recited at sentencing, they are deemed contained in the sentence whether or not specified by the sentencing court, and are therefore statutorily effective. State v. Williams, 00-1725 (La. 11/28/01), 800 So.2d 790, 798-99. Thus, no corrective action is required to specify that the first five years of defendant’s sentence is to be served without benefit of parole. Accordingly, on error patent review, no corrective action need be taken by the trial court.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. In his assignment of error, defendant contends that the police "stormed into his friend’s apartment” when executing the search warrant. However, defendant failed to brief this issue or claim specifically that the search was unreasonable because of the officer's no-knock entry. Accordingly, this issue is deemed abandoned and will not be considered by this Court on appeal. U.R.C.A. Rule 2-12.4; See State v. Sinceno, 12-118 (La.App. 5 Cir. 7/31/12), 99 So.3d 712, 720, writ denied, 12-2024 (La. 1/25/13), 105 So.3d 713.

. It is noted that defendant does not argue that the evidence was insufficient to support his conviction. Defendant argues that the trial court erred in denying his motion to suppress because the State failed to show that defendant was in possession of the cocaine.

. In his appellate brief, defendant failed to specify threats the officers made. Additionally, defendant failed to mention any threats when he testified at trial. However, Detective Wimberly testified at the hearing and at trial that he told defendant that it would be better to cooperate in order to avoid the officers having to "tear through” Ms. Robinson's residence while searching for narcotics. Nevertheless, defendant's admission was not coerced so as to render the statement involuntary and inadmissible merely because defendant was motivated to protect Ms. Robinson. See State v. Weinberg, 364 So.2d 964, 971 (La.1978).

. See FN 2