261 So.2d 221

**STATE of Louisiana, Relator,**

v.

**Maggie GARNIER et al., Respondents.**

**No. 52064.**

May 1, 1972.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Leander H. Perez, Jr., Dist. Atty., Gilbert V. Andry, III, Asst. Dist. Atty., for plaintiff-relator.

Melvyn J. Perez, Manuel A. Fernandez, G. Frederick Seemann, Chalmette, for defendants-respondents.

TATE, Justice.

The central issue concerns the validity of seizure of certain currency locked in a safe in premises allegedly used for gambling operations. The currency was seized in the execution of a search warrant authorizing search of the premises in connection with suspected illegal gambling operations. The defendants contend that the evidence on the hearings below shows that this currency was not used in gambling operations.

In sustaining a motion to suppress, the trial court ruled that this $10,971.75 in currency was illegally seized. The court also granted a motion by the alleged owner of the money [1] to release it to him. See La. R.S. 15:41 (1966). This enactment permits the courts to order the return of property seized in connection with a criminal prosecution if "the property is not to be used as evidence or is no longer needed as evidence". See also La.C.Cr.P. Art. 167 and 25 La.L.Rev. 43 (1964).

We granted the State's application for certiorari, in order to review these rulings of the trial court.

The validity of the search warrant itself is not questioned. By it, the state police were authorized to search certain described premises for property described as follows, and to seize such property: "gambling equipment (dice tables, dice, gambling stick, records, chips, money, roulette wheel and table, blackjack table, cards, and various gambling paraphernalia that is being used in violation of R.S. 14:90."

In the execution of the search warrant of the premises described, numerous articles of gambling equipment were seized, such as a large dice table, two blackjack tables, numerous dice, cards, etc. In addition to $564 of currency taken from the dice and blackjack tables, the police also seized $10,971.75 in currency from a locked safe.

The gambling paraphernalia (tables, etc.) were set up in a large room in the 6-room upstairs apartment of the premises searched. The $10,971.75 currency was found in a locked safe in a closed closet of a room next to this large room. The room had an ordinary table in it but was otherwise unoccupied; apparently no gambling was conducted in the room itself.

In this safe, when opened by the premise-owner at the direction of the officers, was found the currency, a record book, some pads, and some playing cards. In the closet with the safe were found, inter alia, a large quantity of dice, some playing cards, and poker and gambling (marker, "Buy" and "Place") chips.

The defendants successfully argued before the trial court that, by the terms of the search warrant, the police were only authorized to search for and to seize "gambling equipment", including money being actually used in gambling operations. Money found locked in a safe in a room of the premises other than that actually used for gambling, they argue, falls beyond the scope of the search and seizure authorized by the warrant.

1. He was the owner of the premises searched and one of the 34 defendants charged with violation of the gambling law, La.R.S. 14:90, or as aiding and abetting in commission of the offense, La.R.S.14:24, as a result of the activities conducted and the evidence seized at the premises searched.

In ruling that the money and other items seized in the rear room were illegally seized, the court concluded that such monies would not be competent or relevant evidence to prove that gambling was being conducted in the next room, where the playing tables, chips and players were actually found as the result of the gambling raid. The court thus apparently concluded that such currency was not "evidence tending to prove the commission of an offense" such as is subject to lawful seizure, see La. C.Cr.P. Art. 161(3).

■■■■■ Our trial brother erred. A motion may be used to suppress evidence taken by means of an "unconstitutional search and seizure", La.C.Cr.P. Art. 703, subd. A, but our procedure does not authorize the use of the motion to suppress to test the admissibility of evidence constitutionally seized. Likewise, La.R.S. 15:41 does not authorize the release of property lawfully seized which the state intends to offer as evidence at the trial; questions of admissibility, relevance, weight, and connexity are properly resolved at such trial on the merits, not by pre-trial motion for the property's return. The contention that the currency was not "lawfully seized" because the owner of the gambling premises stated it was not used in his operations raises an issue not of the legality of the seizure but rather of a defense on the merits.

Actually, the seizure of a large sum of currency within the same premises in which large-scale gambling activities are conducted can reasonably be regarded as "evidence tending to prove the commission of" the gambling offense, so as to be subject to seizure, La.C.Cr.P. Art. 161. This is so, even though the money be found in a locked safe in a room of these premises different from that in which the gambling operations are conducted. We are reinforced in this conclusion by the circumstance that the closet in which was found this locked safe contained also items of gambling paraphernalia.

For the foregoing reasons, we therefore reverse and annul the trial court's rulings suppressing as evidence the currency seized and ordering its return to its alleged owner.

Judgment suppressing and ordering return of evidence reversed and annulled.