BOUTALL, Judge.
This is an appeal from an order to the St. James Parish Sheriff to return twenty-four typewriters seized as evidence in a pending criminal proceeding. The typewriters were the property of Sears, whose insurer, Great American Insurance Company, seeks their return in order to sell them and reduce its losses. The property was seized in December, 1980, but the individual charged with “receiving stolen things” has not been brought to trial. The Sheriff took a sus-pensive appeal from the court order to return the property.
The issue before this court is whether the trial judge acted properly in ordering the typewriters released.
Retention of the typewriters by the Sheriff is based on the “best evidence” rule, stated in LSA-R.S. 436, as follows:
“The best evidence which from the nature of the case must be supposed to exist, and which is within a party’s control, must be produced.”
The disposition of evidence seized in criminal matters is covered by LSA-.R.S. 15:41 and 15:436.1. R.S. 15:41 B(l), C provides that if the property “is not to be used as evidence or is no longer needed as evidence” and is not declared to be contraband under a statute it shall be released to the owner upon a motion against the clerk of court. LSA-R.S. 15:436.1 provides, in pertinent part, that:
“(A) a photograph of property alleged to be the object of a theft, otherwise admissible, may be admitted as evidence without regard to the availability of the property itself.”
*426 The appellant’s position is that the property cannot be returned because it is to be used in evidence and will be needed in the prosecution of the case. The appellee argues that it should not be deprived of possession of the typewriters, as photographs would be sufficient evidence in a trial of the accused.
The only case cited by the appellant to support his position is State v. Garnier, 261 So.2d 221 (La.1972). The facts are distinguishable from those in our case in that the individual in Garnier who filed the motion for release was a defendant in a gambling case. He claimed ownership of a large amount of currency which had been seized in a raid on his premises in which gambling paraphernalia and persons engaged in gambling had been found. The court denied the release and said that any currency seized on the premises of a gambling operation, wherever found, could be “reasonably regarded as ‘evidence tending to prove the commission of’ the gambling offense ...” State v. Garnier, supra, at 223, and relevance of the currency must be resolved at trial. In the case before us there is no question as to ownership, as the typewriters were identified as part of a lot of 550 typewriters allegedly stolen earlier. The other typewriters had been recovered by the St. James Parish Sheriff’s office and returned to Sears. The twenty-four typewriters in question had been seized under a search warrant from a business premises and were being held as evidence in the prosecution of its owner for receiving stolen things.
The Sheriff argues that photographs are inadequate as a substitute for the property itself. He stated in his brief:
"... The evidence and the affidavits contemplated are subject to challenge by the defendant and the physical bulk of the evidence may be more convincing in a Receiving Stolen Things trial than a mere picture of 24 boxes ...”
We find no merit in this argument.
The courts have approved of the substitution of photographs for the property itself under certain circumstances. In State v. Williams, 309 So.2d 303 (La.1975) the court denied the defendant’s claim that an aluminum screen and a couch should have been introduced into evidence rather than photographs of the items, because there was no showing that producing the actual items would have helped his case. In State v. Dilworth, 358 So.2d 1254 (La.1978), the court held that a photograph of a 31 feet long portion of a wrought iron fence was admissible, in the absence of a showing that the defendant was prejudiced. See also State v. Bennett, 341 So.2d 847 (La.1976), and State v. Bell, 404 So.2d 974 (La.1981), for similar holdings.
As there has been no showing by the Sheriff that the State’s case would be impaired by the substitution of photographs, we hold that the trial judge was correct in ordering the typewriters released in order that the victim might reduce his loss from the theft.
Accordingly, the order appealed from is affirmed.
AFFIRMED.