SAVOIE, Judge.
William F. Schrader was charged by grand jury indictment with the first degree murder of Catherine Marie Smith, in violation of LSA-R.S. 14:30. The homicide occurred on October 31, 1970. Prior to trial on the merits, the state amended the indictment to charge defendant with murder because at the time of the instant offense the Louisiana Criminal Code provided only one grade of murder.[1] Defendant pled not guilty. Following jury trial, he was convicted of the responsive offense of manslaughter. The trial court sentenced defendant to a twenty-one year term of imprisonment at hard labor.
Defendant now appeal his conviction and sentence, urging the following assignments of error:
1. The trial court erred by denying defendant’s motion to suppress.
2. The trial court erred by denying defendant’s motion to quash.
*869 3.The trial court erred by denying defendant’s motion for bail in a capital case.
4. The trial court erred by allowing the state to amend its answer to the bill of particulars on the morning of trial.
5. The trial court erred by denying the defense motion for a continuance based on the absence of a material witness.
6. . The trial court erred by accepting Mr. Jimmy Barnhill as an expert witness over defense objection.
7. The trial court erred by allowing the introduction into evidence of State Exhibits four and four-B over defense objection.
8. The trial court erred by overruling defendant’s objection to the state’s questioning of Judy Smith Griffith concerning a threat made by defendant.
9. The trial court erred by denying defendant’s motion for a mistrial.
10. The trial court erred by sustaining the state’s objection to defense questioning of Mr. Howard Oubre.
11. The trial court erred by overruling defendant’s objection to the state’s questioning of Mr. Howard Oubre.
12. The trial court erred by overruling defense counsel’s objection to the state’s questioning of defendant concerning a civil law suit.
13. The instant verdict is contrary to the law and the evidence.
14. The trial court erred by denying defendant’s motion for a new trial.
15. The sentence imposed was excessive and improper.
Assignments of error numbers six and seven are not briefed and, therefore, are considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4.
FACTS:
During the night of October 31, 1970, fire destroyed a house rented to defendant and his family. Defendant’s wife, defendant’s daughter, and a neighbor’s child, Catherine Marie Smith, were asleep in the house when the fire began. The Smith child died from injuries sustained in the blaze. The officers who initially investigated the fire did not reach a conclusion about its origin. However, at a later date, other experts evaluated the site, which was preserved intact because a civil suit was filed by defendant and his family. At least one expert concluded that the fire was intentionally set by use of some flammable liquid. Sometime in 1985, the Terrebonne Parish District Attorney’s Office reactivated its investigation of this incident. Suspicion focused on defendant when the investigation revealed that he threatened to burn down the family home during a domestic dispute with his wife. These threats were witnessed by a neighbor and a sister of the victim. In addition, defendant bought gasoline for a small container from a nearby service station a short time before the instant fire.
ASSIGNMENT OF ERROR NUMBER ONE:
By this assignment, defendant complains because the trial court denied a motion to suppress inculpatory statements allegedly made by him prior to the instant fire. Through answers to defendant’s motion for discovery, the state indicated that it would introduce testimony from Audrey Schrader, defendant’s wife, and from Harold Foret, a neighbor, detailing defendant’s threats to burn down his house prior to the actual fire. Although in the motion to suppress defendant suggested that the statements were not freely given, he did not seriously contend that his statements were unconstitutionally obtained. In brief, he argues that the statements were unreliable and irrelevant.
Harold Foret testified that, while visiting the Schrader home in 1970, he witnessed a domestic dispute between defendant and Audrey Schrader.[2] Defendant struck Tommy LeBlanc, Mrs. Schrader’s son by a previous marriage, and ordered him from the Schrader home. Defendant also threatened to burn down the Schrader house *870 rather than allow Mrs. Schrader and her children to profit from the use of his personal property. The record clearly indicates that defendant’s threats were unsolicited, voluntary statements made in a noncustodial situation in the presence of individuals not associated with any law enforcement agency. Louisiana procedure does not authorize the use of a motion to suppress to test the admissibility of evidence constitutionally obtained, as in this instance. See La.C.Cr.P. art. 703; State v. Gamier, 261 La. 802, 261 So.2d 221 (1972). Questions of relevance and weight are properly resolved at trial on the merits. State v. Gamier, supra. Moreover, a new ground for objection cannot be raised for the first time on appeal. State v. Clayton, 427 So.2d 827, on rehearing (La.1983).
For the foregoing reasons, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO:
By this assignment of error, defendant urges that the trial court erred by failing to grant his motion to quash the instant indictment grounded on the denial of his right to a speedy trial.
The present offense occurred on October 31, 1970. However, defendant was not arrested or formally charged until September of 1985. Defendant’s attack on the indictment focused on this pre-accusation delay of approximately fifteen years. In United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the United States Supreme Court declined to extend the reach of the Sixth Amendment right to a speedy trial to the period prior to arrest. Thus, defendant’s complaint that his right to a speedy trial was violated is unfounded.
At the hearing on the motion to quash, the trial court correctly noted that defendant’s complaint would have been more properly characterized as a violation of due process grounded on pre-accusation delay. The trial court reasoned, however, that both the state and defendant were equally impacted by the long delays. Further, defendant had failed to demonstrate any substantial prejudice.
In United States v. Marion, supra, the Court noted that the due process clause would require dismissal of an indictment if it were shown that the pre-indictment delay in a case caused substantial prejudice to a defendant’s rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. The contours of the due process test were clarified to some extent in the later case of United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). Prejudice, the Court concluded therein, is generally a necessary element of a due process claim. However, the existence of prejudice merely makes a due process claim concrete and ripe for adjudication. What remains to be assessed in such circumstances are the reasons for the delay. In United States v. Lovasco, the Court concluded that no due process violation exists in the case of investigative delay.
Drawing from United States v. Lovasco, the Louisiana Supreme Court noted in State v. Malvo, 357 So.2d 1084, 1087 (La.1978), that “the proper approach in determining whether an accused has been denied due process of law through preindictment or pre-arrest delay is to measure the government’s justifications for the delay against the degree of prejudice suffered by the accused.”
Defendant generally avers to prejudice in obtaining favorable expert witnesses because of the long delays. However, trial testimony of the house’s owner revealed that the site was secured two or three days after the instant fire. The house remained undisturbed at the time of trial because of previously pending civil litigation. In addition, expert witnesses testifying for the state based their opinions on evaluation of the site undertaken a short time prior to defendant’s arrest.
It is quite evident that the state did not delay prosecution for fifteen years to gain a tactical advantage. Although not definitively revealed, it appears that the delay stemmed from a previous lack of concrete expert opinion characterizing the origin of the instant fire as arson. Thus, even when the instant delay is characterized as a po *871 tential due process violation, the argument is meritless.
ASSIGNMENT OF ERROR NUMBER THREE:
Defendant complains because the trial court refused to admit him to bail pending trial of the instant offense. In response to defendant’s motion to set bail, the trial court conducted a hearing, concluding that Louisiana Code of Criminal Procedure article 313, which governs bail for capital offenses, was applicable. In refusing to set bail, the trial court found that defendant, who had been indicted for the instant offense, failed to establish that proof was not evident or the presumption was not great that he was guilty of the instant offense. It appears that defendant may have been bailable given the judicial invalidation of the death penalty portion of the Louisiana murder statute in effect at the time of the instant offense. See State v. Polk, 376 So.2d 151 (La.1979); State v. Foot, 428 So.2d 474 (La.1983). However, because there has been a trial and conviction, the bail issue is moot and will not be reviewed on appeal. See State v. Rester, 309 So.2d 321 (La.1975).
ASSIGNMENT OF ERROR NUMBER FOUR:
Defendant urges that the trial court abused its discretion by allowing the state to amend its answer to defendant’s motion for a bill of particulars on the morning of trial. The state’s original answer, in pertinent part, provided: “defendant is charged with committing first degree murder of Catherine Marie Smith while engaged in perpetration of aggravated arson to the residence located at 502 Garnet Street, Houma, Louisiana, on the 31st day of October, 1970.”; and “defendant is charged with violating Louisiana Revised Statute 14:30(1).” On the morning of the first day of trial, the state amended the answer, over defendant’s objection, to denote the proper statutory designation as 14:30(2).
As previously noted, LSA-R.S. 14:30 was the only statute addressing the crime of murder in 1970. That statute read, in pertinent part:
Murder is the killing of a human being,
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated arson, aggravated burglary, aggravated kidnapping, aggravated rape, armed robbery, or simple robbery, even though he has no intent to kill.
The instant indictment was amended to delete the “first degree” classification without objection. It is apparent that defendant was neither surprised nor prejudiced by amendment to the answer to the bill of particulars. The state simply made that answer internally consistent.
While the bill of particulars is intended to assure the defendant a full understanding of the charge in order that he might properly defend himself, it was never intended as a trap for the unwary district attorney. It is for this reason that article 485 of the Louisiana Code of Criminal Procedure permits the district attorney to cure a defect in a bill of particulars. See La.C.Cr.P. art. 485, Official Revision Comment (b); State v. Unzueta, 337 So.2d 1102 (La.1976).
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NUMBER FIVE:
By this assignment of error, defendant urges that the trial court committed reversible error by denying his motion for a continuance filed the day before trial on the merits commenced. We do not agree.
The disputed motion was based on the unavailability of Mr. Robert Cass, a representative of the State Fire Marshal’s office who investigated the fire scene with former Chief Howard Oubre of the Houma Fire Department. At a hearing conducted on the morning of trial, the prosecutor agreed to stipulate that Mr. Cass would testify as stated in defendant’s motion and that such testimony would be truthful.
As a general rule, the denial of a continuance is not grounds for reversal absent an *872 abuse of discretion and a showing of specific prejudice caused by denial of the continuance. State v. Roy, 496 So.2d 583 (La.App. 1st Cir.1986). Louisiana Code of Criminal Procedure article 710 provides that, when a motion to continue is based on the absence of a material witness, it may be denied if the adverse party admits that if the witness were present he would testify as stated in the motion. In addition, the trial court may also require the adverse party to admit the truth of the testimony.
The trial court did not abuse its discretion in this instance. Because of the stipulation, the facts contained in the defense motion were presented to the jury. In addition, Mr. Cass’ co-investigator, Chief Oubre, testified for the defense.
Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER EIGHT:
By this assignment, defendant contends that the trial court erred by allowing Judy Smith Griffith, the victim’s older sister, to testify, over defendant’s objection, about a conversation she overheard between defendant and Audrey Schrader on the night of the instant fire. Defendant urges that the testimony by Ms. Griffith, concerning defendant’s conversation with his wife, was rendered inadmissible by the state’s failure to fully comply with defendant’s motion for discovery.
In his discovery motion, defendant asked the state to furnish any oral confession or statement of any nature, made by him, which the state intended to offer in evidence at trial. Defendant also requested information as to when, where, and to whom any such statement was made. This request was in accordance with La.C.Cr.P. art. 716(B). The state responded, in pertinent part, by referencing “certain oral statements made to Audrey Schrader on or about 8:00 o’clock p.m., October 31, 1970, at 629½ Pecan Street, Houma, Louisiana.”
At the time of the instant offense, the Smith family resided at 629½ Pecan Street. Ms. Griffith testified that, on the night of her sister’s death, defendant and his wife visited her family home. During an argument, defendant threatened to burn down the Schrader house.
From our review of the record, we conclude that the state substantially complied with the disputed discovery request. The state provided information identifying the time, the location, and the person to whom defendant’s remarks were addressed. The state also furnished the defense with a list of witnesses which the prosecution intended to call at trial. It is reasonable to assume that the defense was fully apprised of the parties involved in this conversation. See State v. Bodley, 394 So.2d 584 (La.1981).
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER NINE:
Defendant contends that the trial court erred by failing to grant a mistrial when Mr. Harold Foret, a witness to a quarrel between defendant and his wife, testified at trial on the merits that defendant threatened to burn down his home on October 31, 1970. Defendant argues Mr. Foret’s testimony surprised the defense because the state’s answer to discovery revealed that Mr. Foret overheard a conversation on October 17, 1970, and not on October 31, 1970.
The' discovery rules of the Louisiana Code of Criminal Procedure are intended to eliminate unwarranted prejudice which could arise from surprise testimony. State v. Mitchell, 412 So.2d 1042 (La.1982). Discovery procedures enable a defendant to properly assess the strength of the state’s case against him in order to prepare his defense. If a defendant is lulled into a misapprehension of the strength of the state’s case by failure to fully disclose, such prejudice may constitute reversible error. State v. Roy, 496 So.2d at 583.
In the instant case, the state’s supplemental answer to defendant’s discovery motion did provide that the state intended to offer testimony of Harold Foret concerning a statement made by defendant on or about October 17, 1970. However, during hearing of defendant’s motion to suppress, Mr. Foret stated that he remembered Octo *873 ber 17, 1970, because that was the night of the instant fire. Mr. Foret was apparently confused because the fire actually occurred on October 31. Nevertheless, testimony from the hearing served to fully apprise defendant that Mr. Foret would testify about a conversation overheard on the night of the fire.
Given this substantial compliance through pretrial proceedings, defendant suffered no surprise or prejudice. Hence, the trial court did not err in allowing the testimony or in failing to grant a mistrial based on that testimony.
For the foregoing reasons, this assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER TEN:
Defendant contends that the trial court erred by sustaining the state’s objection to a question posed to defense witness, Howard Oubre. Mr. Oubre was one of the individuals who conducted the original investigation of the instant fire. During direct examination, Mr. Oubre was questioned about that investigation and about his conclusions. However, when asked if, in the course of his investigation, he had located anyone who saw defendant at the site when the fire occurred, the state objected on the basis of hearsay. That objection was sustained by the trial court.
In explaining actions undertaken by him in this investigation, Mr. Oubre could properly refer to statements made to him by other persons. Such statements have independent relevance to explain the sequence of events leading to resolution of the investigation from the viewpoint of crime scene investigator. A witness is generally competent to testify that a statement was made so long as no attempt is made to vouch for the credibility of its contents. Cf State v. Watson, 449 So.2d 1321 (La. 1984), cert, denied, 469 U.S. 1181,105 S.Ct. 939, 83 L.Ed.2d 952 (1985).
Although the trial court erred by sustaining the objection, defendant suffered no prejudice. The disputed information was admissible only to complete testimony about the course of the investigation. Its exclusion detracted little from Mr. Oubre’s testimony. Moreover, through the stipulated testimony of Robert Cass, the co-investigator, the jury learned that he found no witnesses who saw defendant near the fire scene either before or after the fire started.
Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER ELEVEN:
Defendant contends that the trial court erred by allowing the state to read a quotation from a treatise during the cross-examination of defense expert Howard Oubre.
Mr. Oubre, the former fire chief of the City of Houma, was one of the first experts to view the site of the instant fire. Although Mr. Oubre did not determine the origin of the fire, he did not rule out arson. During his investigation, Mr. Oubre employed an explosion meter to screen for flammable vapor. As part of a question posed to Mr. Oubre, the prosecutor read a brief excerpt about that device from a work by Dr. Richard Safferstein, the chief of forensic chemistry for the New Jersey State Police. Defendant objected to the quotation on the basis of hearsay. That objection was overruled by the trial court.
Virtually all courts have, to some extent, permitted the use of learned materials in the cross-examination of an expert witness. See McCormick on Evidence, § 321 (3d Ed. Cleary, 1984). In Louisiana, cross-examination of an expert witness by reference to scientific authorities is generally sanctioned for the purposes of testing the expert’s knowledge, background, and accuracy. In addition, quotations may be read to a witness from standard treatises provided that the object of the reading is not merely to present the opinions of the author to the jury. See State v. Gambino, 362 So.2d 1107 (La. 1978).[3]
*874 In our view, the trial court correctly denied defendant’s objection. Defendant does not suggest that the disputed quotation derived from an unauthoritative source. The state referenced Dr. Saffer-stein’s work for the purpose of discussing Mr. Oubre’s views on the subject matter. Thus, this assignment of error has no merit.
ASSIGNMENT OF ERROR NUMBER TWELVE:
By this assignment, defendant contends that the trial court erred by allowing the prosecutor to question defendant about a civil suit filed by him to collect damages occasioned by the instant fire. We disagree.
During direct examination at trial on the merits, defendant stated that he was working as a wheelman on a pushboat in 1970. At the time of the instant fire, he was aboard the boat because the boat’s captain had gone home for the night. During cross-examination, the prosecutor referenced the civil suit in laying a foundation for defendant’s impeachment by a prior inconsistent statement. Defendant’s attention was drawn to a deposition given in 1978 in conjunction with the civil litigation. In that deposition, defendant apparently stated that he left his home and went to the boat because of a quarrel with his wife.
The party seeking to use a prior inconsistent statement for impeachment of a witness must comply strictly with the requirements of LSA-R.S. 15:493. See State v. Savoie, 448 So.2d 129 (La.App. 1st Cir.), writ denied, 449 So.2d 1845 (La.1984). The trial court properly denied defendant’s objection on the basis of relevance. The prior inconsistent statement was relevant to defendant’s credibility. See State v. Richardson, 459 So.2d 31 (La.App. 1st Cir. 1984).
Accordingly, this assignment of error is meritless.
ASSIGNMENTS OF ERROR NUMBERS THIRTEEN AND FOURTEEN:
By these assignments, defendant contends that the instant verdict of manslaughter is contrary to the law and to the evidence. He urges that it was improper for the jury to reach this compromise verdict.
Louisiana Code of Criminal Procedure article 814 gives the trial court discretion, on the motion of either side, to exclude a responsive verdict which is not supported by the evidence. However, if the defendant does not enter a timely objection, then the reviewing court may affirm the conviction if the evidence would have supported a conviction of the charged offense, whether or not the evidence supports the conviction of the legislatively responsive offense returned by the jury. State ex rel Elaire v. Blackburn, 424 So.2d 246 (La. 1982), cert, denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983). This view “recognizes the legitimacy of a ‘compromise| verdict which does not ‘fit’ the evidence but which (for whatever reason) the jurors deemed to be fair.” 424 So.2d at 251.
In the instant case, the record clearly reveals that, following a conference held outside the presence of the jury, the trial court noted of record that there were no objections to its proposed jury charges. That charge presented the jury with the option of returning the responsive verdict of guilty of manslaughter.
Under Section 14:30(2), in effect in 1970, all the state had to prove was that defendant killed a human being while engaged in the perpetration or attempted perpetration of an aggravated arson. For the crime of aggravated arson, the state was only required to prove beyond a reasonable doubt that defendant either intentionally damaged a structure by an explosive substance or set fire to a structure under circumstances where it was foreseeable that human life would be endangered. See LSA-R.S. 14:51; State v. Simmons, 443 So.2d 512 (La.1983).
Defendant does not suggest how the state may have failed in this burden. The defense stipulated that the Smith child died as a result of the fire. The state’s experts, in particular Howard Myers, a consulting engineer, concluded that in all probability *875 the instant fire was intentionally set by means of some flammable liquid being placed in the house. Although Mr. Myers could not identify the flammable liquid used, he noted that the burn patterns were typical of gasoline. In addition, Mr. Myers refuted the defense theory that the origin of the instant fire may have been electrical overload. Even Mr. Oubre, called by the defense, did not rule out arson as a possibility.
Defendant, as a member of the household where the fire occurred, was certainly aware that human life would be endangered by setting a fire to that structure. The only remaining question focuses on defendant’s identity as the perpetrator of the instant offense. The state presented testimony documenting domestic discord in the Schrader home. Witnesses heard defendant threaten to burn down his house on the evening of the instant fire. In addition, defendant left his home before the fire occurred; and a service station attendant sold’defendant gasoline for a small container a short time before the instant fire.
When a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant’s own testimony, that hypothesis fails; the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984). Defendant testified at trial, claiming that he was aboard a boat when the fire occurred. The jury verdict indicates that this hypothesis of innocence was considered and rejected. By returning a responsive verdict of manslaughter, the jury found defendant criminally responsible for the death of Catherine Marie Smith. Defendant does not advance another hypothesis of innocence.
The jury’s verdict was apparently a compromise decision to find defendant guilty of something less than murder as the instant jury charge provided only a definition of the specific intent (heat of passion) manslaughter provision. See LSA-R.S. 14:31(1). While the evidence may not have supported a conviction of the offense chosen by the jury, the evidence would have supported a conviction of the charged offense. Because defendant did not object to the instruction, which in effect informed the jury that it could properly return a verdict of manslaughter, defendant can not now complain that the evidence did not support the lesser verdict chosen by the jury.
Accordingly, these assignments of error are meritless.
ASSIGNMENT OF ERROR NUMBER FIFTEEN:
By means of this assignment, defendant contends that the sentence imposed was excessive.
Defendant was sentenced to twenty-one years imprisonment at hard labor, the maximum permissible sentence for violation of LSA-R.S. 14:31, the responsive verdict returned by the jury.
A trial court has wide discretion in the imposition of sentences within statutory limits; given compliance with the sentencing criteria of article 894.1, a sentence will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir. 1984). A trial court should exercise its sentencing discretion to impose sentences graded according to the individual circumstances of the offense and of the offender. State v. Sepulvado, 367 So.2d 762 (La. 1979).
The record reflects that the trial court thoroughly examined the circumstances peculiar to defendant when deciding sentence. As reasons for the sentence, the trial court noted defendant’s proclivity for violent conduct. Defendant had a prior felony conviction in Pennsylvania and had several misdemeanor charges of aggravated assault in Terrebonne Parish. The trial court also considered that the jury returned an apparent compromise verdict as defendant was tried for murder. In this context, the trial court noted that this was a most serious offense because the life of an innocent young girl was taken in the fire. In addition, the trial court opined that treatment in a custodial environment was indi *876 cated; also, a lesser sentence would deprecate the seriousness of the crime.
We cannot say that the sentence imposed is excessive under the circumstances. The trial judge fully considered the range of sentencing alternatives and individualized the sentence to the particular defendant for the particular crime involved. This assignment of error is without merit.
AFFIRMED.

. Prior to 1973, LSA-R.S. 14:30 was the only statute addressing the crime of murder. The crimes of first and second degree murder were created by Acts 109 and 111 of 1973.

. Audrey Schrader testified at the motion to suppress. However, she elected not to testify at trial on the merits. See LSA-R.S. 15:461.

. Cert. denied, 441 U.S. 927, 99 S.Ct. 2042, 60 . L.Ed.2d 402 (1979), overruled in part on other grounds by State v. Walden Book Co., 386 So.2d 342 (La.1980).