LILJEBERG, J.
1 ¶ Defendant appeals his conviction and sentence for possession with intent to distribute cocaine. For the following reasons, we affirm. We also grant appellate counsel’s motion to withdraw as counsel of record.
PROCEDURAL HISTORY
On June 2, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jacques Duncan, with possession with intent to distribute cocaine in violation of La. R.S. 40:967(A). Defendant was arraigned on June 3, 2015, and he pleaded not guilty. Thereafter, on January 19, 2016, defendant withdrew his not guilty plea and pleaded guilty as charged.[1] He was sentenced to imprisonment at hard labor for 15 years, with two years to be served without the benefit of parole, probation, or suspension of sentence.
Also on January 19, 2016, the State filed a multiple offender bill of information alleging defendant to be a second felony offender, to which defendant stipulated. The trial judge vacated the original sentence and resentenced defendant under the multiple bill statute to imprisonment at *1250 hard labor for 15 years without the benefit of probation or suspension of sentence, to run concurrently with the sentence imposed in case number 15-3377. Defendant filed an application for post-conviction relief seeking an out-of-time appeal, which was granted.
FACTS
Because defendant pleaded guilty, the underlying facts were not fully developed at a trial. In the bill of information, the State alleged that on or about May 5,2015, defendant violated La. R.S. 40:967(A) in that he did knowingly or intentionally possess with intent to distribute a controlled dangerous substance, to wit: cocaine. Also, during the colloquy, the State provided a factual basis for the 12plea. The State indicated that if this matter had proceeded to trial, it was prepared to show that on or about the date listed on the bill of information, defendant violated La. R.S. 40:967(A) in that he knowingly or intentionally possessed with the intent to distribute a controlled dangerous substance, to wit: cocaine. Defendant acknowledged that the State’s factual basis was accurate and that he was pleading guilty because he was guilty.
LAW AND DISCUSSION

Anders Brief

Under the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929, at 4, *1251 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
In the present case, defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Appellate counsel states that the trial court engaged in a meticulous discussion with defendant regarding the rights he would be waiving by pleading guilty, the charges, and the sentencing ranges for both the felony and misdemeanor offenses. He further states that defendant acknowledged his rights and indicated that he was willing to waive those rights. Appellate counsel notes that defendant denied being coerced into pleading guilty. He further notes that the district court was satisfied Uthat defendant entered his guilty plea knowingly and voluntarily, and it accepted defendant’s guilty plea on the underlying charge and his stipulation to the multiple bill. Appellate counsel contends that the sentence imposed by the district court was within the statutory range.[3]
Appellate counsel has filed a motion to withdraw as attorney of record, in which he states that he cannot find any non-frivolous issues to raise on appeal and that he has notified defendant of the filing of his motion to withdraw from the case. Appellate counsel also indicates that he informed defendant of his right to file a pro se supplemental brief in this appeal,[4] Defendant filed a pro se supplemental brief in this Court on November 1, 2016,
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The record reflects that the bill of information properly charged defendant, as it plainly and concisely stated the essential facts constituting the offense chargéd. It also sufficiently identified defendant and the crime charged. See La. C.Cr.P. arts. 462-466. Also, as reflected in the minute entries, defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea, multiple bill stipulation, and sentencing. As such, there are no ap-pealable issues surrounding defendant’s presence.
Further, defendant pleaded guilty in this case. Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the. guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner, 09-1079, pp. 7-8 (La.App. 6 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered an unqualified guilty plea, and therefore, any non-jurisdictional defects were waived. Also, no rulings were ^preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976).
The record also shows that defendant filed several pre-trial motions that were not ruled upon prior to the time defendant entered his guilty plea. However, when a defendant does not object to the trial court’s failure to hear or rule on a *1252 pretrial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791, p. 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Defendant did not object to the trial court’s failure to rule on his pre-trial motions prior to pleading guilty. As such, defendant’s pre-trial motions were waived.
Furthermore, the record does not reveal any irregularities in defendant’s guilty plea. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin[5] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
In the present case, during the guilty plea proceeding, defendant was informed that he was charged with and pleading guilty to the crime of possession with intent to distribute cocaine. The record also shows that defendant' was advised of the sentencing range for that offense. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama, supra. Defendant signed the waiver of rights form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he | (¡understood those rights. He further acknowledged reviewing the waiver of rights form with his attorney.
During his guilty plea colloquy and in his waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty plea. He was also informed of the minimum and maximum sentence and of the actual sentence that would be imposed if his guilty plea was accepted. After the colloquy with defendant, the trial court accepted defendant’s plea as knowingly, intelligently, freely, and voluntarily made.
A review of the record also reveals no constitutional infirmity in defendant’s stipulation to the multiple bill. The record indicates that defendant reviewed the multiple offender waiver of rights form with his attorney. The waiver of rights form, in conjunction with the colloquy between the trial judge and defendant, indicates that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a second felony offender and the actual sentence he' would receive. Defendant indicated that he had not been forced or coerced into stipulating to the multiple bill. The trial judge stated that he was satisfied that defendant understood the consequences of his “plea” and had made a knowing, intelligent, free, and voluntarily act of “pleading guilty.”
With regard to defendant’s sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington, 05-211, p. 5 (La.App. 5. Cir. 10/6/05), 916 So.2d 1171, 1173. This Court has applied this provision to cases in which a defendant admits to the allegations in a habitual offender bill, as part of a sentencing agreement. See State v. Cross, 06-866, p. 4 (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30.
*1253 |7In the instant case, defendant’s sentences were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the pleas. Defendant’s sentences also fall within the sentencing ranges set forth in the statutes. See La. R.S. 40:967(A); La. R.S. 15:529.1. Moreover, defendant’s plea agreement was beneficial to him in that he received a 15-year enhanced sentence as a second felony offender when he could have received a 60-year sentence, and the trial judge ordered the enhanced sentence to run concurrently with the misdemeanor sentences in case number 15-3377.
The transcript reflects that the trial judge informed defendant that if he stipulated to the multiple bill, his 15-year enhanced sentence would be served without the benefit of probation or suspension of sentence. Afterward, the trial judge imposed the enhanced sentence without the benefit of probation or suspension of sentence. The waiver of rights form also reflects that the enhanced sentence would be served without the benefit of probation or suspension of sentence. Neither the trial judge nor the waiver of rights form noted any restriction on parole eligibility.
La. R.S. 15:529.1(G) provides that an enhanced sentence shall be at hard labor without benefit of probation or suspension of sentence. However, La. R.S. 40:967(B)(4)(b) requires that the first two years of the sentence shall be without the benefit of parole, probation, or suspension of sentence. The restrictions on parole eligibility imposed on habitual offender sentences under La. R.S. 15:529.1 “are those called for in the reference statute.” State v. Esteen, 01-879 (La.App. 5 Cir. 5/15/02), 821 So.2d 60, 79, n.24, writ denied, 02-1540 (La. 12/13/02), 831 So.2d 983. Because the underlying offense carries a parole restriction, the habitual offender sentence is to likewise be imposed without parole. See State v. Smith, 09-100 (La.App. 5 Cir. 8/25/09), 20 So.3d 501, 509, writ denied, 09-2102 (La. 4/5/10), 31 So.3d 357.
|8La. R.S. 15:301.1(A) provides that in instances where the statutory restrictions are not recited at sentencing, they are deemed contained in the sentence whether or not specified by the sentencing court, and are therefore statutorily effective. State v. Williams, 00-1725 (La. 11/28/01), 800 So.2d 790, 799. Thus, although the trial court did not indicate during defendant’s sentencing as a habitual offender that his parole eligibility would be restricted for the first two years, no corrective action is required to specify that the first two years of defendant’s sentence are to be served without benefit of parole. See State v. Young, 13-745, p. 2 (La.App. 5 Cir. 4/9/14), 140 So.3d 136, 140 n.2, writ denied, 14-1002 (La. 12/8/14), 153 So.3d 439.
We further find that the trial judge’s failure to specify that the first two years of the habitual offender sentence was to be served without benefit of parole did not affect the voluntariness of the stipulation. In State v. Harrell, 09-364, pp. 31-33 (La.App. 5 Cir. 5/11/10), 40 So.3d 311, 323-24, writ denied, 10-1377 (La. 2/10/12), 80 So.3d 473, the defendant contended that his plea on count three was not knowing and voluntary because the trial court failed to advise him that the first five years of the sentence had to be served without the benefit of parole, probation, or suspension of sentence. On appeal, this Court found that the trial court’s failure in this regard did not render the defendant’s guilty plea unknowing or involuntary. It noted that the trial court advised the defendant of his Boykin rights, that the defendant indicated his willingness to plead guilty throughout the plea colloquy, that the defendant acknowledged that he had discussed the guilty plea with his attorney and that he still desired to plead guilty, and that the defendant received a substantial benefit *1254 for pleading guilty. Harrell, 40 So.3d at 324.
In the instant case, the record reflects that the trial judge advised defendant of his multiple offender rights, and defendant indicated his willingness to stipulate to the multiple bill. Defendant acknowledged that he had discussed his stipulation [3with his attorney and that he still desired to stipulate to the multiple bill. Moreover, defendant received a substantial benefit for stipulating to the multiple bill. Also, the record does not suggest that receiving the benefit of parole during the first two years of his sentence was crucial to his stipulation. Therefore, the trial judge’s failure to advise defendant that the first two years of his sentence was to be served without benefit of parole did not render his stipulation to the multiple bill unknowing or involuntary. See Harrell, supra.
Appellant counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion. Accordingly, we affirm defendant’s conviction and sentence, and we grant appellate counsel’s motion to withdraw as attorney of record.

Pro Se Supplemental Brief

In defendant’s pro se supplemental brief, he argues that his guilty plea is constitutionally infirm. He claims that appellate counsel’s brief does not provide a full analysis of his felony conviction for which he received a 15-year sentence. He also asserts that this Court should deny appellate counsel’s motion to withdraw and order counsel to specifically brief whether his conviction and sentence present any non-frivolous appealable issues. Defendant further contends that his guilty plea should not have been accepted with a pronouncement of innocence. He claims that the record only contains a waiver of trial, but no admission of guilt, and that there was no factual basis for the plea.
As previously discussed in this opinion, a review of the record reveals no constitutional infirmity in defendant’s guilty plea to the underlying charge or in his stipulation to the multiple bill. We have found that appellate counsel’s Anders brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, | 1()and an independent review of the record supports counsel’s assertion. Also, the record indicates that defendant did not proclaim his innocence; rather, during the colloquy, the State provided a factual basis for the plea, and defendant indicated that the factual basis was accurate and that he was pleading guilty because he was guilty. In any event, this was not an Alford plea, which requires a factual basis.[6]
Defendant also argues that his 15-year sentence was disproportionately and unreasonably excessive. However, as previously noted, La. C.Cr.P. art. *1255 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. In the instant case, defendant’s sentence was imposed in accordance with the terms of the plea agreement set forth in the record at the time of the stipulation. As such, he is precluded from seeking review of his sentence.
Finally, defendant complains that his appellate counsel failed to discuss his applications for reduction of bail in his appellate brief. The record reflects that on October 8, 2015, and on November 2, 2015, defendant filed pro se applications for reduction of bail. Those matters were set for hearing on October 19, 2015, and November 19, 2015, respectively. The minute entry dated October 19, 2015, shows that defendant informed the trial judge that he would retain his own attorney, and the hearing was continued to November 19, 2015, at defendant’s request. The minute entry of November 19, 2015, indicates that defendant was represented by counsel, a bench conference was held, and the next proceeding for motions was scheduled for January 19, 2016. On January 19, 2016, defendant entered his guilty plea and stipulation. As such, the record does not contain any | n discussion or ruling on defendant’s applications for bond reduction. In any event, as previously noted, when a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See Corzo, supra.
Accordingly, we find no merit in defendant’s arguments set forth in his pro se supplemental brief.
ERRORS PATENT
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. No errors requiring corrective action were noted.
DECREE
For the foregoing reasons, we affirm defendant’s conviction and sentence. We also grant appellate counsel’s motion to withdraw as counsel of record.
AFFIRMED; MOTION TO WITHDRAW GRANTED

. At the same hearing, defendant also pleaded guilty to two misdemeanor offenses, resisting an officer in violation of La. R.S. 14:108 and battery of a police officer in violation of La. R.S. 14:34.2, in case number 15-3377. The trial judge sentenced defendant to six months of imprisonment on each of those counts, to run concurrently with each other and with the sentence in the instant case.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

. The State has filed a response to appellate counsel’s brief, concurring in appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.

. This Court also sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had the right to file a pro se supplemental brief.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. While most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime. North Carolina v. Alford, 400 U.S. 25, 26, 91 S.Ct. 160, 162, 27 L.Ed.2d 162, 165 (1970). However, pleading guilty pursuant to North Carolina v. Alford, supra, requires the establishment of a factual basis for the plea when a defendant asserts that he is innocent. State v. Respert, 14-769, p. 8 (La.App. 5 Cir. 2/25/15), 168 So.3d 839, 844, writ denied, 15-0604 (La. 1/25/16), 184 So.3d 1288. When a defendant pleads guilty under Alford, constitutional due process requires that the record contain strong evidence of actual guilt.Id.