CHEHARDY, C.J.
On appeal, defendant's appointed appellate counsel has filed an Anders brief on defendant's behalf asserting that there is no basis for a non-frivolous appeal. Further, defendant has filed a pro se supplemental brief alleging three assignments of error. For the following reasons, we affirm defendant's convictions and sentences.
Facts and Procedural History
Because defendant pled guilty, the facts were not fully developed in the record. However, during the guilty plea colloquy, the State provided the following factual basis for the guilty plea:
*728 Bryant Gumms engaged in conduct that furthered the aims of an enterprise by engaging in a pattern of racketeering activity. He conspired with members of that enterprise to distribute controlled dangerous substances, including cocaine, heroin and marijuana. This conduct, which occurred between 2006 and 2015, included participating in the operation of a narcotics distribution network on the Westbank of Jefferson Parish wherein a violent street gang named by its members the "Harvey Hustlers" obtained controlled dangerous substances from associates and Enterprise members who transported the drugs into the New Orleans Metropolitan Area.
The ranking members of the Harvey Hustlers then directed the conversion of these drugs into a saleable form, such as converting powder cocaine to crack cocaine, and provided the drugs to rank and file Harvey Hustlers who sold the drug product on the street for the profit of Enterprise members.
Members of the Enterprise who engaged in this activity on a daily basis, other than when one or more of them were in jail, included Mr. Gumms, multiple individuals named in the indictment, and others not included in the indictment. This activity included all of them working on the streets of Scottsdale, in sight of each other, selling cocaine, heroin, or marijuana.
On February 26, 2015, the Jefferson Parish grand jury indicted Bryant Gumms, defendant-herein, and twenty other co-defendants on thirty criminal counts for acts committed in furtherance of a narcotics distribution network in Jefferson Parish, operated by a street gang known as the "Harvey Hustlers." Specifically, defendant was charged with three counts, including one count of racketeering, in violation of La. R.S. 15:1352 ; one count of conspiracy to distribute cocaine, in violation of La. R.S. 40:979 and La. R.S. 40:967(A) ; and one count of conspiracy to distribute heroin and marijuana, in violation of La. R.S. 40:979 and La. R.S. 40:966(A).
On January 28, 2016, defendant withdrew his prior pleas of not guilty, and pled guilty as charged. In accordance with the plea agreement, the court sentenced defendant as follows: for racketeering, twenty years imprisonment at hard labor; for conspiracy to distribute cocaine, fifteen years imprisonment at hard labor; and for conspiracy to distribute heroin, twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The court ordered that all of defendant's sentences be served concurrently.
That same day, the State filed a multiple offender bill of information on count two alleging defendant to be a second felony offender. After defendant stipulated to the allegations of the multiple offender bill of information, the trial court vacated defendant's sentence for conspiracy to distribute cocaine, and imposed an enhanced sentence of twenty years imprisonment at hard labor without the benefit of probation or suspension of sentence pursuant to La. R.S. 15:529.1, concurrent with his other sentences.
On August 21, 2017, defendant filed an application for post-conviction relief requesting an out-of-time appeal, which was granted by the trial court on August 22, 2017. This appeal follows.
Anders brief
Under the procedure adopted by this Court in *729 State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).
In Jyles , supra , the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Discussion
Defendant's appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel notes that the appellate record contains no rulings of the trial court to be challenged on appeal, and that she considered whether to raise the issue of excessiveness of sentence but felt such claim would be frivolous as the sentences fall within the statutory penalty ranges for the offenses.
Appellate counsel has filed a motion to withdraw as attorney of record, stating that she filed an Anders brief and that defendant has a right to file his own brief *730 in this appeal. Additionally, this Court sent defendant a letter by certified mail informing defendant of his right to file a pro se supplemental brief, which he timely filed with this Court.
The State responds that the brief filed by appellate counsel shows a conscientious and thorough review of the procedural history of the case and that appellate counsel has conformed with and followed the procedures set forth in Anders and Jyles and should be granted permission to withdraw. The State further agrees with appellate counsel that, after a careful review of the record, there are no non-frivolous issues to raise on appeal. The State asserts that, without reserving his right to challenge any pre-trial rulings, defendant entered knowing and voluntary pleas of guilty after the trial court conducted a thorough and comprehensive colloquy wherein he was fully informed of the nature of the charges against him, his potential sentencing exposure, and his constitutional rights. The State further asserts that the sentences imposed were within the statutory limits. Also, the State notes that defendant was informed of his multiple offender rights before he stipulated to being a second felony offender. As such, the State contends that defendant's convictions, habitual offender adjudication, and sentences should be affirmed.
Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
The indictment properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. See La. C.Cr.P. arts. 462 - 466. Further, the minute entries reflect that defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea, multiple bill stipulation, and sentencing. As such, there are no appealable issues surrounding defendant's presence.
Further, defendant pled guilty as charged and stipulated to the allegations of the multiple offender bill of information. Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Additionally, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. State v. Schaefer , 97-465, p. 9 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304. Here, defendant entered unqualified guilty pleas and stipulations, and therefore, all non-jurisdictional defects are waived.
Although defendant filed several omnibus motions which were not ruled on, the motions are considered waived when a defendant does not object to the trial court's failure to hear or rule on a pre-trial motion prior to pleading guilty. See State v. Corzo , 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Further, as there were no rulings, none were preserved for appeal under the holding in State v. Crosby , 338 So.2d 584 (La. 1976). Thus, no issues were preserved for appeal.
Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *731 Boykin[3] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
A review of the record reveals no constitutional infirmity in defendant's guilty pleas. The record reflects that defendant acknowledged reviewing the waiver of rights form with his attorney. The record shows that defendant was aware he was charged with and pleading guilty to a number of felony charges: one count of racketeering, one count of conspiracy to distribute cocaine, and one count of conspiracy to distribute heroin and marijuana.
Further, in the waiver of rights form and by the trial judge during the colloquy, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin v. Alabama , supra. Defendant signed the waiver of rights form, indicating that he understood that he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood those rights.
During his guilty plea colloquy and in his waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant was informed during the colloquy of the minimum and maximum sentences and of the sentences that would be imposed on each count if his guilty pleas were accepted. Moreover, a factual basis was given by the State for the offenses, after which defendant admitted to having committed the crimes as charged in the indictment. After the colloquy with defendant, the trial court accepted defendant's pleas as knowingly, intelligently, freely, and voluntarily made.
Further, our review of the record also reveals no constitutional infirmity in defendant's stipulation to the multiple bill. The record indicates that defendant reviewed the multiple offender waiver of rights form with his attorney. The waiver of rights form and the colloquy between the trial judge and defendant indicate that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status, and of his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a second felony offender and the sentence that would be imposed. Defendant indicated that he had not been forced or coerced into stipulating to the multiple bill.
Afterward, the trial judge accepted his stipulation to the multiple bill as knowingly, intelligently, freely, and voluntarily made by defendant. By stipulating to the multiple bill, defendant waived his right to a hearing and any possible non-jurisdictional defects. Defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple offender adjudication when he waived the hearing. See Schaefer , supra .
With regard to defendant's sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Additionally, this Court has consistently recognized that La. C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed.
*732 State v. Williams , 12-299 (La. App. 5 Cir 12/11/12), 106 So.3d 1068, 1075, writ denied , 13-0109 (La. 6/21/13), 118 So.3d 406. Here, defendant's original sentences and enhanced sentence were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea.
Even if we were to review defendant's sentences, they all fall within the sentencing ranges set forth in the statutes. See La. R.S. 15:1354(A) ;[4] La. R.S. 40:979 ;[5] La. R.S. 40:967(B)(4)(b) ;[6] and La. R.S. 15:529.1.[7] Moreover, defendant's plea agreement was beneficial to him because he received midrange sentences for his convictions for racketeering, conspiracy to distribute heroin, and conspiracy to distribute cocaine. Also, regarding his enhanced sentence, defendant received a twenty-year sentence, which was less than the thirty-year maximum exposure.
Although our review of the record reflects that defendant may have received inadequate information regarding the restriction of benefits for his enhanced sentence,[8] the omission does not require correction so it does not warrant an assignment of error. Specifically, defendant was not informed that parole was restricted during the first two years of his enhanced sentence.
The restrictions on parole eligibility imposed on habitual offender sentences under La. R.S. 15:529.1"are those called for in the reference statute." State v. Esteen , 01-879 (La. App. 5 Cir. 5/15/02), 821 So.2d 60, 79 n.24, writ denied , 02-1540 (La. 12/13/02), 831 So.2d 983. When the underlying offense carries a parole restriction, the habitual offender sentence is to likewise be imposed without parole. See State v. Smith , 09-100 (La. App. 5 Cir. 8/25/09), 20 So.3d 501, 509, writ denied , 09-2102 (La. 4/5/10), 31 So.3d 357.
Here, the trial judge imposed defendant's enhanced sentence without the benefit of probation or suspension of sentence, *733 pursuant to La. R.S. 15:529.1(G), but did not also restrict parole during the first two years of the sentence as required by La. R.S. 40:967(B)(4)(b). Thus, the trial court imposed an illegally lenient sentence.
However, La. R.S. 15:301.1(A) provides that the statutory restrictions, even if they are not recited at sentencing, are deemed to be contained in the sentence, and are, therefore, statutorily effective. State v. Williams , 00-1725 (La. 11/28/01), 800 So.2d 790, 799. Thus, the omission does not require corrective action. See State v. Young , 13-745, p. 2 (La. App. 5 Cir. 4/9/14), 140 So.3d 136, 140 n.2, writ denied , 14-1002 (La. 12/8/14), 153 So.3d 439. More importantly, this issue did not affect the voluntariness of defendant's guilty plea or multiple offender stipulation. See State v. Harrell , 09-364 (La. App. 5 Cir. 5/11/10), 40 So.3d 311, writ denied , 10-1377 (La. 2/10/12), 80 So.3d 473.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel's assertion, we will grant appellate counsel's motion to withdraw as attorney of record by this opinion.
Pro Se Assignment of Error
In his first pro se assignment of error, defendant challenges the validity of the multiple offender bill of information used to charge him as a second felony offender on count two and his conviction and sentence on count three because the State charged and convicted him of crimes committed when he was a juvenile. Specifically, defendant claims the multiple bill seeks to enhance count two, his underlying conviction for conspiracy to distribute cocaine, which he contends he committed on August 29, 2005-a time when he was a fourteen-year-old juvenile and could not have committed the crime because of the mandatory evacuation in place due to Hurricane Katrina. He further contends that he should not have been multiple billed using a predicate conviction which he committed in 2012, after his underlying 2005 offense. Defendant also makes the same argument as to his conviction and sentence on count three, maintaining that he committed the offense as a juvenile, therefore, rendering his conviction on this count invalid.
First, as previously noted in the Anders section of this memorandum, defendant pled guilty as charged; he also admitted to being a second felony offender as alleged in the multiple bill. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter , 05-697, p. 5 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Additionally, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. State v. Schaefer , 97-465, p. 9 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304. Accordingly, we find defendant has waived the challenges to his guilty plea on count three and to the alleged multiple bill deficiency he now raises on appeal.
Next, even if defendant's arguments had been preserved, we would find no merit. In this case, the multiple offender bill of information alleged defendant was a second felony offender based on defendant's April 13, 2014, predicate conviction for second offense possession of marijuana, in violation of La. R.S. 40:966(C). The State sought to enhance *734 defendant's underlying conviction of conspiracy to distribute cocaine (count two), which is based on offenses that the State maintained occurred between 2006 and 2015. Further, defendant pled guilty on count three-conspiracy to distribute heroin-which is also based on offenses that occurred between 2006 and 2015. Defendant admitted that he committed a series of offenses during this time frame with respect to both counts.
Defendant reported his birth date as June 6, 1991, making him a juvenile up until his eighteenth birthday on June 6, 2009. Thus, any offenses that occurred after 2009 were committed after defendant had attained majority.
Further, based on the date range of the underlying offenses extending until 2015, defendant's argument that a crime committed in 2012 for which he was convicted in 2014 could not be used as a predicate in the multiple bill and could not be charged as an offense in the indictment, lacks merit because the offenses on counts two and three could have been committed at any time between 2009 and 2015, and still fall within the relevant time frame.
In his second pro se assignment of error, defendant contends his convictions of conspiracy/attempted distribution of cocaine (count two) and conspiracy/attempted distribution of heroin (count three) in connection with related racketeering crimes subjected him to double jeopardy.
Defendant and twenty other co-defendants were charged in a thirty-count indictment for various acts of racketeering committed in furtherance of a narcotics distribution network on the Westbank of Jefferson Parish, operated by a street gang known by its members as the "Harvey Hustlers." Specifically, defendant was charged and pled guilty to racketeering, in violation of La. R.S. 15:1352 ; conspiracy to distribute cocaine, in violation of La. R.S. 40:979 and La. R.S. 40:967(A) ; and conspiracy to distribute heroin, in violation of La. R.S. 40:979 and La. R.S. 40:966(A).
The Fifth Amendment to the United States Constitution, as well as Article I, § 15 of the Louisiana Constitution prohibit placing a person twice in jeopardy of life or limb for the same offense. See also La. C.Cr.P. art. 591. Double jeopardy provisions are intended to protect an accused not only from a second prosecution for the same criminal act, but also multiple punishments for the same act. State v. Lefeure , 00-1142 (La. App. 5 Cir. 1/30/01), 778 So.2d 744, 750, writ denied , 01-1440 (La. 9/21/01), 797 So.2d 669.
The protections against double jeopardy mandated by the federal constitution, as restated in this state's constitution, fall within the analytical framework set forth in Blockburger v. United States , 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). See State v. Frank , 16-1160, 234 So.3d 27 (La. 10/18/17). Under Blockburger , the question is whether the same act or transaction constitutes a violation of two distinct statutory provisions. To determine whether there are two offenses or only one, the pertinent question is whether each provision requires proof of an additional fact which the other does not. State v. Knowles , 392 So.2d 651, 654 (La.1980) ; State v. Bridgewater , 98-658, p. 9 (La. App. 5 Cir. 12/16/98), 726 So.2d 987, 991.
Defendant appears to argue that, under Blockburger , the constitutional protection against double jeopardy prevents the State from separately charging and convicting him on conspiracy to distribute cocaine and heroin after he has already been convicted on the racketeering charge.
In State v. Bailey , 97-0302, (La. App. 5 Cir. 4/28/98), 713 So.2d 588, this Court *735 addressed the issue of whether double jeopardy barred the defendant's convictions on one count of racketeering, seven counts of attempted possession of cocaine, one count of distribution of cocaine, and one count of attempted distribution of cocaine. On appeal, the defendant argued that the trial court erred in denying his motion to quash, which alleged that his convictions on the racketeering charge and on the nine overt acts violated the constitutional guarantee against double jeopardy. This Court, finding that double jeopardy did not bar convictions on both the racketeering offense and the other offenses, determined:
... [w]e must look to the Legislative intent regarding multiplying defendant's punishment under these circumstances. Clearly, in enacting the Racketeering Act, the Legislature expressed its clear intent to increase the punishment for the individual crimes when a pattern of criminal or racketeering activity is also proven.
Moreover, in looking to our federal counterpart we note that the federal courts have consistently held that prosecuting and sentencing of a defendant for both Racketeer Influenced and Corrupt Organization (RICO), 18:1961 et seq . violations and the predicate offenses does not violate double jeopardy. United States v. Padgett , 78 F.3d 580 (4th Cir. 1996) ; United States v. O'Connor , 953 F.2d 338 (7th Cir. [1992] ), cert. denied , 504 U.S. 924, 112 S.Ct. 1979, 118 L.Ed.2d 578 (1992) ; United States v. Evans , 951 F.2d 729 (6th Cir. 1991), cert. denied , 504 U.S. 920, 112 S.Ct. 1966, 118 L.Ed.2d 567 (1992) ; United States v. Arnoldt , 947 F.2d 1120 (4th Cir. 1991), cert. denied , 503 U.S. 983, 112 S.Ct. 1666, 118 L.Ed.2d 387 (1992) ; United States v. Erwin , 793 F.2d 656 (5th Cir. [1986] ), cert. denied , 479 U.S. 991, 107 S.Ct. 589, 93 L.Ed.2d 590 (1986).
Bailey , 713 So.2d 588 at 603.
Based on the foregoing jurisprudence, we find that there was no double jeopardy bar to the prosecution of defendant for conspiracy to distribute cocaine and heroin.
In his third pro se assignment of error, defendant contends his counsel was ineffective for failing to investigate his prior criminal history, and, as a result, neglected to object prior to the entering of his guilty pleas, and to the use of an invalid underlying conviction for enhancement purposes in the multiple offender bill of information. He further asserts that his counsel was ineffective because he permitted defendant to plead guilty to crimes that were allegedly committed on August 29, 2005, during a mandatory hurricane evacuation when defendant was only fourteen-years-old. Defendant also contends his counsel was ineffective for permitting him to be twice put in jeopardy for the same offenses.
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant's right to effective assistance of trial counsel. According to the United States Supreme Court's opinion in Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant asserting an ineffective assistance claim must show: 1) that defense counsel's performance was deficient; and 2) that the deficiency prejudiced the defendant. The defendant has the burden of showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
*736 Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, if necessary, rather than by direct appeal. State v. Taylor , 04-346 (La. App. 5 Cir. 10/26/04), 887 So.2d 589, 595. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under La. C.Cr.P. arts. 924 - 930.8. Id.
In this case, we will address the merits of defendant's claims in the interest of judicial economy. Defendant's contention that his counsel was ineffective for failing to investigate his criminal history is unsupported by the record. As discussed supra , the record reflects that defendant's underlying convictions were for offenses committed between August 29, 2005 and February 26, 2015, a time frame during which defendant attained majority. Further, as further discussed supra , defendant was not subjected to double jeopardy when charged and convicted of racketeering and other drug offenses.
Accordingly, defendant's pleas, sentences, and stipulation to the multiple bill are supported by the record and appear to be an advantageous consequence of the plea-bargaining process. The record lacks any indication and defendant fails to provide any evidence that defense counsel's performance was deficient or that any alleged deficiency prejudiced defendant. Therefore, we find defendant is not entitled to relief.
Errors Patent
Defendant requests an error patent review, which this Court routinely performs in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990).
We note that the State of Louisiana Uniform Commitment Order (UCO) contains the incorrect offense dates for counts two and three. The record reflects that counts two and three were committed on or around August 29, 2005 through February 26, 2015 , and not on or around "8/29/05 through 2/26/16 " as incorrectly indicated on the UCO. (Emphasis added).
Accordingly, we remand the matter for correction of the UCO to reflect the correct offense dates and direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. See State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142 (citing La. C.Cr.P. art. 892(B)(2) ; State ex rel. Roland v. State , 06-224 (La. 9/15/06), 937 So.2d 846 (per curiam) ).
AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER; MOTION TO WITHDRAW GRANTED.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

La. R.S. 15:1354(A) provides, in pertinent part: "any person who violates any provision of R.S. 15:1353 shall be fined not more than one million dollars, or imprisoned at hard labor for not more than fifty years, or both."

Defendant's sentence for conspiracy to distribute heroin, which is classified as a *Schedule I narcotic drug, under the penalty provision of La. R.S. 40:979(B), which reads in pertinent part:
B. Any person who attempts or conspires to distribute or possess with intent to distribute any substance classified in Schedule I, as provided for in R.S. 40:963 and R.S. 40:964, which is a narcotic drug (all substances in Schedule I preceded by an asterisk "*") shall, upon conviction, be imprisoned at hard labor for not less than eight nor more than fifty years without benefit of parole, probation or suspension of sentence and may, in addition, be required to pay a fine of not more than ten thousand dollars.

La. R.S. 40:967(B)(4)(b) provides in pertinent part:
Distribution...[of] cocaine... shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.

La. R.S. 15:529.1 provides in pertinent part that upon a second felony conviction, "the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction."

At the enhanced sentencing, the trial court did not personally advise defendant of the two-year restriction of benefits provided by La. R.S. 40:967(B)(4)(b) and La. R.S. 40:979(A). However, this Court has held that the trial judge's failure to restrict benefits does not affect the voluntariness of a multiple offender stipulation. See State v. Davis , 17-81 (La. App. 5 Cir. 6/29/17), 224 So.3d 1211 ; State v. Duncan , 16-493 (La. App. 5 Cir. 2/8/17), 213 So.3d 1247, 1253.